CENTRAL TRUST CO. OF NEW YORK v. CHATTANOOGA, R. & C. R. CO. et al. (BUNN, Intervener).

(Circuit Court, N. D. Georgia. May 2, 1894.)

RECEIVERS—CONFLICTING STATE AND FEDERAL JURISDICTION.
  · Where the property of a railroad has been in the uninterrupted possession of successive receivers appointed by a federal court from a time antedating the appointment of a receiver for same property by a state court, the federal court will not order it transferred to the receiver of the state court, if it appears that the last receiver of the federal court has actual physical possession under a bill filed by a trustee of bondholders 'who represent the bulk of the indebtedness of the road, while the receiver of the state court represents only junior creditors, and but little of the indebtedness.

On May 5, 1891, the Chattanooga, Rome & Columbus Railroad Company was sold to the Savannah & Western Railroad Company. At that time all the stock of the Savannah & Western Railroad Company belonged to the Central Railroad Company, which was in possession, operation, and control of the Savannah & Western, as its property, and so took and operated the Chattanooga, Rome & Columbus Railroad thereafter as a part of the Savannah & Western Railroad. On March 3, 1892, Rowena M. Clark filed an original bill in the circuit court of the United States for the eastern division of the southern district of Georgia against the Central Railroad & Banking Company and others.. Under this bill, E. P. Alexander was made temporary receiver of all the property and assets of the Central Railroad & Banking Company. On March 28th the Savannah & Western Railroad Company was made party defendant to this bill, it being stated in the application that that company was a separate corporation, of which the capital stock was owned by the Central Railroad & Banking Company of Georgia, and which was practically operated by the latter company. On the same day the board of directors of the Central Railroad & Banking Company of Georgia were made permanent receivers of that company, the board consisting of H. M. Comer and others.

On July 4, 1892, the Central Railroad & Banking Company of Georgia filed its original bill against the Farmers' Loan & Trust Company and others, under which bill H. M. Comer was appointed sole receiver of all the properties of the Central Railroad & Banking Company of Georgia. This bill set out, as a part of the property of the Central Railroad & Banking Company of Georgia, the Savannah & Western Railroad, and also that the Savannah & Western Railroad owned the Chattanooga, Rome & Columbus Railroad Company..

On May 15, 1893, H. M. Comer and Robert J. Lowry were, by the Honorable Don A. Pardee, circuit judge, appointed receivers of the Savannah & Western Railroad Company, under an independent bill, filed originally in the middle district of Alabama, to foreclose a mortgage on the Savannah & Western, given on May 1, 1889, on the property then owned and afterwards to be acquired; the Chattanooga, Rome & Columbus Railroad being acquired May 5, 1891. Under this appointment, Comer, as receiver of the southern district, surrendered possession of all the property of the Savannah & Western to Comer and Lowry, as receivers under the last appointment, but the same was operated in connection with the Central Railroad. Among the properties so delivered and operated by Comer and Lowry was the Chattanooga, Rome & Columbus Railroad Company. Comer and Lowry held possession as such joint receivers until February 1, 1894, when Eugene E. Jones was appointed receiver of the Chattanooga, Rome & Columbus Railroad Company under a bill filed by the Central Trust Company against it, in the northern district of Georgia, to foreclose a mortgage dated 1st of September, 1887. Under this appointment, Comer and Lowry surrendered possession of the Chattanooga, Rome & Columbus Railroad to said Jones, as receiver, and it is now in his possession, as such receiver. In February, 1893, under a bill filed in the superior court of Floyd county against the Chattanooga, Rome & Columbus Railroad Company by Cason and others, averring themselves to be judgment creditors of said company, W. C. Bunn was appointed receiver of the property and assets of the Chattanooga, Rome & Columbus Railroad; and he now applies to this court to have Jones, the receiver of this court, turn over to him, as receiver of the state court, all property and assets of the said Chattanooga, Rome & Columbus Railroad Company.

Dean & Smith, for intervener.
Henry B. Tompkins, for respondents.

NEWMAN, District Judge (after stating the facts as above). From the above statement of facts, it will be seen that the Chattanooga, Rome & Columbus Railroad has been in the continuous and uninterrupted possession and has been controlled and operated by receivers of the federal court since the appointment of the receiver in the case of Rowena M. Clark against the Central Railroad & Banking Company, March 3, 1892. The suit of the Central Trust Company against the Chattanooga, Rome & Columbus Railroad, under which Jones holds as receiver, was brought to foreclose a mortgage securing $2,090,000 of bonds. It is not denied that the lien of this mortgage is superior to that of the judgment creditors who bring the proceeding in the state court. Even if the bill of the Central Trust Company against the Chattanooga, Rome & Columbus Railroad, under which Jones holds possession of the road, could be treated as a separate and distinct proceeding, and unconnected, so far as the receivership is concerned, with the former proceeding in the southern district of Georgia and in the middle

district of Alabama, it is not at all clear that the receiver of the state court would have the right to the possession of this property. Where a receiver of this court has gone into actual physical possession and control of a railroad under a bill filed by a trustee of bondholders representing the great bulk of the indebtedness of the road, the court will certainly hesitate about delivering possession to a receiver appointed by a state court in a bill filed by junior creditors, and representing a comparatively small amount of indebtedness of the road; and this, too, without violating any rule of comity between courts. But the case at bar presents a much stronger case against the right of possession by the state court than is assumed above. The order of the state judge recognizes that this property is in the hands of the federal courts, and directs that there shall be no interference with so much of the Chattanooga, Rome & Columbus Railroad as is in possession of its receiver. The possession of Jones, the present receiver, is so connected, however, in any view of it, with the possession of the former receivers, as that it cannot be said, in any fair sense, to have been, on his part, or on the part of the court, acting through him, a seizure of the property, notwithstanding the fact of the appointment of a different receiver by another court. The circuit court for the northern district of Georgia had, on the 16th day of January, 1894, appointed Comer and Lowry as receivers, under the bill of The Central Trust Company v. The Chattanooga, Rome & Columbus Railroad, as well as under the bill of The Central Trust Company v. Savannah & Western Railroad Company, thereby requiring the receivers to hold the property under both bills, they having been before that time in possession under the bill against the Savannah & Western Railroad Company. They declined this appointment, and by an order of the 1st of February, 1894, and by consent of parties, Jones was substituted and appointed as receiver under the Chattanooga, Rome & Columbus bill alone, and allowed to operate it as a separate property. While the primary proceeding against the Savannah & Western Railroad Company was in the middle district of Alabama, a bill had also been filed in the northern district of Georgia, under which Comer and Lowry were recognized as receivers of the property in this district, so that this court, so far as the property in this district was concerned, had had possession and control of the Chattanooga, Rome & Columbus Railroad, as well as the other Savannah & Western properties in this district, since the date of the appointment of Comer and Lowry under the Savannah & Western bill. The action of Circuit Judge Pardee in appointing Comer and Lowry receivers under the bill against the Savannah & Western Railroad Company is but a continuation of Comer's receivership in the Central Railroad of Georgia litigation, and the addition of Lowry as coreceiver, as to the Savannah & Western Railroad Company. Judge Pardee's order further provided for the operation of the Savannah & Western Railroad in connection with the Central Railroad property, and there was a most intimate connection in this way between the two proceedings. The Central Railroad receivership, it is conceded, antedates the appointment of Bunn as re-

ceiver in the state court; so that, tracing the possession of this property back, it seems entirely clear that each possession, since the original appointment in the Rowena M. Clark Case, has been but a continuation of the former possessions, and shows plainly that there has been no such possession taken of this property as would be in violation of the rights of any other court under the recognized comity of courts on that subject.

The facts here make no such case as was made in the litigation over the Atlanta & Charlotte Air-Line Railroad, in which conflicting opinions as to the duty of the courts as to possession of receivers were expressed by Justice Bradley and Circuit Judge Woods, in the case of Wilmer v. Railroad Co., 2 Woods, 409, Fed. Cas. No. 17,775, or in the Atlanta & Florida Railroad Case, in which a decision was made by the judge of the state court (not reported), and afterwards heard by Judge Speer, of the southern district, in the case of East Tennessee, V. & G. R. Co. v. Atlanta & F. R. Co., 49 Fed. 608. In both of these cases there was something of a race for the possession of the property, and the rule may be derived from these cases, as well as from all the other authorities on the subject, that the court which has the actual physical possession of the property will determine the justice and right of its possession, and any other court appointing a receiver, even prior to the appointment by the court having possession, will direct that an application be made to the court in possession to determine the question as to whether its receiver is rightfully entitled to possession. Under the facts stated as existing in the case at bar, a very different question is presented. The state court appointed its receiver, as has been stated, with the knowledge of the fact that the property was in the hands of the federal court, and notwithstanding that fact; and it did not direct its receiver to take possession, but, on the contrary, the effect of the order was to direct the receiver not to take possession. Such consideration having been shown by that court for the possession of the federal court, it is our duty to show equal consideration here.

But it is contended that the possession of the receivers in the Central Railroad litigation of the Chattanooga, Rome & Columbus Railroad was not rightful, in that the property did not properly go into the hands of the receivers there appointed; and the case of Central Railroad & Banking Co. v. Farmers' Loan & Trust Co., 56 Fed. 357, is cited as authority. Without going into the question of what the effect of that decision was, and as to how far it is applicable here, it is sufficient to say that the fact is not questioned that the road did go into the actual possession and control of the receivers appointed in that litigation, and it is that fact which is effective here. The question here is simply one of possession. There is no contention whatever that Jones was not legally appointed under the bill of the Central Trust Company against the Chattanooga, Rome & Columbus Railroad; that is, that in itself that appointment was proper and rightful, and whether or not the road should have gone into the hands of the receivers in the bill against

the Central Railroad, if actual possession was taken, that is sufficient, so far as that matter is at all relevant to the issue here.

It is the desire of this court to show the utmost consideration for the courts of the state, but it is not perceived how, in any view of the matter, a better right is shown in the receiver of the state court to have possession of the property in controversy than the officer of this court who is now in actual possession. The order prayed for, therefore, requiring the receiver of this court to turn over to the receiver of the state court the possession of the Chattanooga, Rome & Columbus Railroad, must be denied.