### JONES v. SCHLAPBACK et al.

(Circuit Court, N. D. Georgia. October 8, 1896.)

SUITS AGAINST RECEIVERS—ACTS OF PRIOR RECEIVERS—INJUNCTION.

A receiver appointed by a federal court for a road formerly constituting part of a larger system is not liable to be sued in another court, without permission of the appointing court, for alleged wrongful acts committed in the operation of the road by the receivers of the whole system, whom he has displaced; and such a suit will be enjoined.

King & Spalding, for complainants.
Fouche & Fouche, for defendants.

NEWMAN, District Judge. This is a bill filed by Jones, as receiver of the Chattanooga, Rome & Columbus Railroad, against the defendants, to enjoin them from prosecuting a suit commenced and now pending in the city court of Floyd county, in this district, against said Jones, as receiver, for certain wrongful acts in building a dam and operating a pump in such a way as to flood the lands of plaintiffs, to their damage. The Chattanooga, Rome & Columbus Railroad had become, prior to 1892, a part of the Savannah & Western System of railroads, and the Savannah & Western had become a part of the Central Railroad & Banking Company of Georgia System. In 1892, H. M. Comer was appointed receiver of all the system of roads operated by the Central Railroad & Banking Company of Georgia. Subsequently, in May, 1893, the said H. M. Comer and Robert J. Lowry were appointed separate receivers of the Savannah & Western Railroad, and on the 1st of February, 1894, Comer and Lowry having resigned as receivers of the Chattanooga, Rome & Columbus Railroad, on a bill filed by the trustee for the underlying original bonds on the Chattanooga, Rome & Columbus Railroad, Eugene E. Jones was appointed receiver for the separate property of said Chattanooga, Rome & Columbus Railroad.

The suit in the city court of Floyd county shows on the face of the petition there filed, and such is virtually the concession in the answer filed to the bill, now under consideration, that its purpose is to make the receiver, Jones, liable for the acts of Comer and Lowry as receivers of the Savannah & Western Railroad. The contention is that Jones is the successor of Comer and Lowry, and this especially under the authority of McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11. In that case, Judge Cooley was receiver of the Wabash, St. Louis & Pacific Railway, and, he having resigned, John McNulta was appointed his successor. The suit was against McNulta for the act of Judge Cooley. In the opinion of the court it is said:

"We agree with the supreme court of Illinois that it was not intended by the word 'his' to limit the right to sue to cases where the cause of action arose from the conduct of the receiver himself, or his agents, but that, with respect to the question of liability, he stands in the place of the corporation. His position is somewhat analogous to that of a corporation sole, with respect to which it is held by the authorities that actions will lie by and against the actual incumbents of such corporations for causes of action accruing under their predecessors in office. Polk v. Plummer, 2 Humph. 500; Jansen v. Ostrander, 1 Cow. 670. If actions were brought against the receivership generally, or against the corporation, by name, 'in the hands of,' or 'in the posses-

sion of,' a receiver, without stating the name of the individual, it would more accurately represent the character or status of the defendant. So long as the property of the corporation remains in the custody of the court, and is administered through the agency of a receiver, such receivership is continuous and uninterrupted, until the court relinquishes its hold upon the property, though its personnel may be subject to repeated changes. Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences, and liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands. As the right given by the statute to sue for the acts and transactions of the receivership is unlimited, we cannot say that it should be restricted to causes of action arising from the conduct of the receiver against whom the suit is brought, or his agents."

Now, is Jones, as receiver of the Chattanooga, Rome & Columbus Railroad, such successor of Comer and Lowry, receivers of the Savannah & Western Railroad, so as to make him subject to suit for their alleged wrongful acts? It is said, in the quotation above made from the opinion in McNulta v. Lochridge, that actions against the receivers are in law actions against the receivership, or the funds in the hands of the receiver. Now, is the receivership the same? The property in the hands of the present receiver is not the same, but is much less than was that in the hands of Comer and Lowry. The "fund" is not the same, but is very much less than was that in the hands of the former receivers. In the case of Central Trust Co. v. Chattanooga, R. & C. R. Co., 62 Fed. 950, it was held by this court that the receivership of Comer, holding and operating the Central Railroad, and of Comer and Lowry afterwards operating the Savannah & Western, and of Jones as receiver of the Chattanooga, Rome & Columbus, was such continuous possession by the receivers of the federal court as would prevent any interregnum such as would authorize a receiver appointed by the state court to acquire any right to possession. It was not held, and the court had no intention of holding, that Jones was the successor of Comer and Lowry, and of Comer, in any such sense as would make him, as receiver, liable for the acts of the former receivers of the larger properties mentioned. To make the receiver of this short and comparatively insignificant line liable for the acts of the receivers of a great system of road, even if it be confined to their acts in connection with this particular piece of property, would be a great wrong. The road was, at the time of the Savannah & Western receivership, being operated at the instance of, and for the benefit of, the creditors of the whole system, and to charge Comer and Lowry's acts to the present receivership, which is for the benefit of the creditors of this road only, would certainly be wrong.

It is true that, under Act 1887–88, the receiver of the circuit court may be sued in any court of competent jurisdiction for any act or transaction of his; and it is also true that, under the decision of McNulta v. Lochridge, supra, he is liable for the acts of his predecessors as receiver of the same property, where it is the same property, the same fund,—in other words, where it is a continuation of the same receivership, although it may be changed in its personnel. But the act does not authorize the receiver to be sued without leave of the court beyond this.

In Central Trust Co. v. East Tennessee, V. & G. Ry. Co., 59 Fed. 523, in the circuit court, Circuit Judges Taft and Lurton, District Judge Barr presiding, the decision which had been formerly made enjoining suits against the receivers except in the court appointing them, was modified so as to permit suits against them for their acts and transactions in other courts of competent jurisdiction. The court says:

"It is enough, for a decision of the question now before us, to say that we are of opinion that the injunction against bringing suits without leave of the court should be modified, so as not to restrain suits growing out of acts and transactions in respect to the carrying on of the operations of the railroad. The act does not affect suits not having their origin in the operation of the railroad as by the receiver. With respect to all contracts and causes of action originating before the receivership, and all not arising out of an alleged liability of the receiver to the suitor, for some act or transaction of the receiver while carrying on the business of a common carrier, the injunction will stand."

Now, tested by this decision, which cites McNulta v. Lochridge, supra, and Railway Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, are the plaintiffs in the state court entitled to maintain their suit against the receiver of this court? This proceeding did not originate in any act or transaction of the present receiver. The suit has its origin in a contract made in 1888, and on account of a dam and pump erected about the same time by the Chattanooga, Rome & Columbus Railroad Company, before this property went into the hands of any combination of railroads or of any receiver. The dam and pump, by all the pleadings and evidence here, seem to have been used continuously since that time by the company and the various receivers of the property. The suit does not seem to be, therefore, for such an act of the present receiver as would authorize its maintenance against him.

It is forcibly contended, also, that, upon the whole case as made here, the suit in the city court of Floyd county necessarily affects the rights of the receiver to hold and operate, and the extent to which he shall hold and operate, a certain part of the property placed in his hands by order of this court. The dam which accumulates the water, the water wheel and the pump which forced the water into a tank, constitute the subject-matter of complaint. The plaintiffs claim that their lands were improperly flooded, and the receiver contends that he is simply using that which passed into his hands as receiver, and that its use is necessary to the operation of the property which he manages by direction of the court. The right to flood this land is an easement which the receiver says appertains to the property placed in his hands by the court. There is much force, therefore, for the contention on the part of counsel for the receiver that this is a case which comes within the proviso to section 3, Act 1887–88, that:

"Such suits shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same may be necessary to the ends of justice."

Necessarily this suit involves the acts of the former receivers and of the corporation. Indeed, the answer filed to the present bill practically concedes it as to the former receivers. A determination of that case involves an ascertainment of what rights were originally

acquired, and as to whether and how far these rights from year to year have been exceeded by those controlling and managing the railroad.

But, notwithstanding this strong view of the matter as presented by counsel for the receivers, I am not sufficiently satisfied that an injunction should be granted on this latter ground to authorize it for that reason alone. If the suit was proceeding against Jones for his own acts as receiver, I should be disposed to allow it to proceed to judgment. If the counsel for the plaintiffs in the city court are disposed to proceed against the receiver in that way, and only for his own acts, I will not grant an injunction against the further prosecution of the suit. I am quite clear, however, especially on the authority of and following the case of Central Trust Co. v. East Tennessee, V. & G. Ry. Co., supra, that where a suit is proceeding in any other court, against a receiver of the circuit court, for acts other than his own as receiver, the suit should be enjoined. Unless it is made to appear here, therefore, that the suit in the city court will proceed only in the manner indicated, an injunction will issue as prayed for. In the event an injunction should issue, the plaintiffs in the city court, Schlapback and Harbin, by proper intervention in this receivership case, or, indeed, by proper pleadings in this separate case instituted by the receiver against them, can have their claim investigated here, and their rights ascertained and determined, as effectually as in any other court of competent jurisdiction.