AMY MABEL NISBET, *et al.*, v. P. TOMASELLO, JR.

156 So. 124.
Opinion Filed July 17, 1934.

*James J. Jackson,* for Plaintiff in Error;
*John D. Shepard,* for Defendant in Error.

PER CURIAM.—Writ of error is to judgment on demurrer sustained to declaration. The declaration contained two common counts which were abandoned and seven special counts.

Suit was brought in the name of Amy Mabel Nisbet and Davis S. Nisbet, legatees under the last will of B. St. Clair Nisbet, and the Barnett National Bank of Jacksonville, a corporation, as the present duly qualified and acting administrator *cum testamento annexo, de bonis non,* of the estate of D. St. Clair Nisbet, and against P. Tomasello, Jr., as an individual.

The special counts of the declaration attempted to set up a cause of action against P. Tomasello, Jr., because of an alleged negligence in the handling of the matters of an estate which he was charged with handling because of having been appointed by the Comptroller as Liquidator of Bre-

vard County Bank & Trust Company after the Comptroller had taken over the affairs of the bank under the laws of Florida, and which bank, it is alleged, was before and at the time it became defunct the duly qualified Administrator with will annexed of the estate of D. St. Clair Nisbet, deceased.

The allegations of the several special counts fail to show any identity of interest between the plaintiffs which would entitle them to maintain a joint suit against the defendant in any capacity. Each and every count of the declaration entirely fails to state any cause of action against the defendant as an individual. The allegations of each of the several counts of the declaration show that each and every of the acts complained of was an act of the defendant in his representative capacity as Liquidator of a defunct bank in which capacity he acted for and on behalf of the Comptroller of the State of Florida. Each and every of the counts of the declaration fails to allege sufficient facts to show that he committed any acts for which he would be answerable to defendants in damages. Therefore, the demurrers to the several counts of the declaration were properly sustained.

The record shows that when demurrers were sustained the plaintiffs refused to plead further and, thereupon, judgment was entered. Such procedure was without error.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.