R. C. KINGSLEY, et al., v. W. R. O'NEAL.

173 So. 445.

Opinion Filed March 29, 1937.

*C. Arthur Yergey,* for Plaintiffs in Error;

*Radebaugh & Radebaugh,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the defendant in the court below on demurrer to amend declaration sustained.

The amended declaration is in two counts. There is no material difference in the allegations of the two counts. The first count is as follows:

"That heretofore on the 12th day of October, A. D. 1929, WILLIAM A. KINGSLEY died in Orlando, Orange County, Florida, leaving a last will and testament, a true copy of which is attached hereto and made a part hereof, marked

'Plaintiff's Exhibit A,' wherein plaintiffs were named as heirs, legatees, devisees and distributees of his estate. That said last will and testament was duly admitted to probate in Orange County, Florida, on October 14, 1929, and letters testamentary issued to the Orlando Bank & Trust Company, the executor and trustee nominated and appointed therein. Thereafter upon the resignation of said executor and on the 24th day of September, A. D. 1930, the First National Bank & Trust Company in Orlando, a United States Banking Corporation, was appointed administrator *cum testamento annexo de bonis non* of the estate of the said WILLIAM A. KINGSLEY, which said banking corporation qualified as such administrator and acted in that capacity until the 3rd day of March, A. D. 1933, when said banking institution was closed by the executive order of the President of the United States acting in pursuance of the power and authority vested in him by law. That at the time of the appointment and qualification of said First National Bank and Trust Company in Orlando, it acquired in its capacity as administrator *cum testamento annexo de bonis non* all and singular the assets of said estate remaining in the hands, possession and control of its predecessor, the same consisting of large amounts of cash, negotiable bonds, mortgages, real estate and personal property of great value, to be administered by it in accordance with the Statutes of the State of Florida in such cases made and provided.

"That after said banking institution was closed as hereinbefore set forth and to-wit on the 25th day of March, A. D. 1933, the defendant herein, W. R. O'NEAL, was duly appointed Conservator of said First National Bank and Trust Company in Orlando by the order of the Comptroller of Currency of the United States, a certified copy of which order is attached to the original declaration, and made a

part hereof by reference marked Plaintiff's 'exhibit B,' qualified according to law, assumed all the powers, duties and responsibilities given to and imposed upon him by the Acts of Congress in such cases made and provided, and thereupon became vested with the assets of, and then and there took upon himself the administration of said assets of said estate according to law.

"That said assets coming into his hands, possession and control consisted of large amounts of cash, negotiable bonds, mortgages, real estate and personal property, among which was a certain promissory note and mortgage in the principal amount of $5,000.00 plus accrued interest from November 15, 1931, at the rate of 8% per annum, encumbering the following described lands in Orlando, Orange County, Florida, to-wit: Lot 2, Block 'B,' Colonial Park Subdivision, as per plat thereof, recorded in Plat Book 'E,' Page 25, in the public records of Orange County, Florida, which said mortgage was foreclosed in the Circuit Court of Orange County, Florida, and under the final decree of foreclosure and sale made and entered on the 3rd day of May, 1933, said property was directed to be sold and was sold at Master's Sale to the Administrator *cum testamento annexo de bonis non* of the estate of WILLIAM A. KINGSLEY for the sum of $5,000.00. That said sale was confirmed by the Circuit Court of Orange County, Florida, and Master's Deed of conveyance executed and delivered on the 19th day of June, A. D. 1933. That at the time of foreclosure and at the time title was acquired by said administrator, the property was improved with an eight-room dwelling house and garage of a reasonable value of Six Thousand ($6,000.00) Dollars, and was unencumbered by the lien of certain taxes levied and assessed by the State of Florida and County of Orange for the years 1929, 1930, 1931 and 1932. The 1929 and

1930 taxes being represented by Tax Certificate No. 3309 of the sale of July 7, 1930, owned and held by the Northern Investment Company and No. 2103 owned and held by the State Treasurer of the State of Florida, which taxes the defendant in the due course of his administration of said estate was obligated and required to pay as a preferred claim under the laws of Florida in such cases made and provided. That said defendant did pay, satisfy and cancel Certificate No. 3309 out of the cash moneys in his hands belonging to said estate, but failed and neglected to pay the remaining taxes levied and assessed against said property for the years 1930, 1931 and 1932 as hereinbefore set forth. That notwithstanding the fact that defendant had large sums of money in his hands, possession and control, derived from the sale of securities, collection of rents, and cash deposits belonging to said estate of an amount many times that necessary to pay said taxes and preserve said property, the said defendant failed and neglected so to do and wasted said property by permitting the parcel of land hereinabove described and the improvements situated thereon to be lost for the insignificant sum of $352.71 in this, that one C. M. Gordon of Orlando, Florida, the assignee of Tax Certificate No. 2103 on the 4th day of January, A. D. 1934, applied to the Clerk of the Circuit Court for a Tax Deed to said property in accordance with the statutes of the State of Florida in such cases made and provided, which application after due publication was granted and Tax Deed issued on the 4th day of February, A. D. 1934, divesting from the estate the title to said lands. That at the Fall Term of this Court in the year 1934 the said C. M. Gordon in an action of eject- ment, based upon said Tax Deed, recovered possession of said lands by the verdict and judgment therein rendered by reason whereof Plaintiffs aver they have suffered a loss of

the value of said property and claim damages in the sum of $10,000.00."

It is unnecessary to discuss the allegations of the original declaration because there there is no essential difference between the allegations of the original declaration and the amended declaration.

It will be observed that the declaration attempts to state a cause of action against W. R. O'NEAL as an individual and not in his representative capacity as Conservator of the closed bank.

We hold that the allegations of the declaration show that the plaintiffs' claim, if any, is against W. R. O'NEAL in his representative capacity and not as an individual. There can be no difference in law between the principles to be applied where a suit is against a Receiver and where a suit is against a Conservator. It was held in Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 36 Law. Ed. 829:

"In respect of liability, such as is set up here, the Receiver stands in the place of the corporation. As observed by Mr. Justice BROWN, delivering the opinion of the Court in McNulta v. Lochridge, 141 U. S. 327, 331: 'Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands.'"

The Conservator is the agent of the Comptroller of the Currency just as a bank liquidator under the laws of Florida is the agent and representative of the Comptroller of the State of Florida and when a Conservator takes over the affairs of a closed National Bank and thereby becomes vested with the powers and duties formerly exercised by and devolved upon the Bank as an Executor or Administrator, he

exercises those powers and duties in lieu of, and as temporary successor to, the officers of the Bank under the direction and control of the Comptroller of the Currency of the United States. See Amos v. Trust Co. of Fla., 54 Fed. (2nd Ed.) 286. To like effect is Fla. Bank & Trust Co. v. Yaffery, 102 Fla. 723, 136 Sou. 399.

In Nesbit, *et al.*, v. Tomasello, Jr., 115 Fla. 804, 156 Sou. 124, which was a case in which plaintiffs in the court below had sued Tomasello as an individual for alleged damages occasioned by the alleged misfeasance of Tomasello while acting as Liquidator of Brevard County Bank & Trust Co., which banking institution at the time of its liquidation was administrator *cum testamento annexo de bonis non,* we said:

"The allegations of each of the several counts of the declaration show that each and every of the acts complained of was an act of the defendant in his representative capacity as Liquidator of a defunct bank in which capacity he acted for and on behalf of the Comptroller of the State of Florida. Each and every of the counts of the declaration fails to allege sufficient facts to show that he committed any acts for which he would be answerable to defendants in damages. Therefore, the demurrers to the several counts of the declaration were properly sustained."

The rule stated in that case is applicable here.

Even if the allegation of the declaration were otherwise sufficient to state a cause of action against the defendant as an individual, the declaration entirely fails to allege that on the 4th day of February, 1934, when the tax deed referred to in the declaration is alleged to have been issued, O'Neal was the Conservator and as such was acting as Executor *cum testamento annexo de bonis non.* Without this allegation the fatal infirmity of the declaration is apparent whether

the action was against O'Neal acting as executor *cum testamento de bonis non,* or against him as an individual, because the alleged loss to the estate did not occur until the tax deed issued. The lands could have been redeemed by the owner at any time prior to the issuance of the tax deed. The Court takes judicial cognizance that a Conservator occupies the position usually as a temporary agent and that in the usual course of events the Conservator is discharged and the affairs of the Bank returned to the officers thereof, or is discharged upon the appointment of a Receiver.

This brings us to another good reason why suits such as this should be maintained, if at all, against the executor in his representative and not his individual capacity, because if O'Neal as Conservator had done exactly what is alleged in the declaration but prior to the issuance of the tax deed he had been superseded in his representative capacity by the appointment of a Receiver, O'Neal could not be held either individually or otherwise, for a loss which occurred after he had been so superseded.

We find no error in the order of court sustaining the demurrer to the declaration and the judgment consequent thereon should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.