FEINBERG, Chief Judge.
 

 This is an appeal from an order of the United States District Court for the Eastern District of New York affirming a decision of the bankruptcy court that imposed a $500 surcharge on appellant Kenneth Kir-schenbaum for breach of his fiduciary duties as a Chapter XIII trustee. For the reasons stated below, we affirm in part and remand in part.
 

 I.
 

 In August 1979, the named debtors, John and Rosemary Gorski, filed a Chapter XIII petition in the bankruptcy court in the Eastern District of New York. Chapter XIII of the Bankruptcy Act (the Act), which governs this appeal,
 
 [1]
 
 is entitled “Wage Earners’ Plans”. A petition under Chapter XIII is a voluntary filing in which the debtor submits a plan for extension and repayment of his unsecured debts out of future earnings. 11 U.S.C. § 1023 (repealed).
 
 [2]
 
 The filing of the petition operates as a stay of any action, lien, or judgment against the debtor, and the stay remains in effect until the court dismisses or terminates the proceeding. 11 U.S.C. §§ 1014, 1025; 10 J. Moore & L. King,
 
 Collier on Bankruptcy
 
 ¶¶ 20.01, 23.05 (14th ed. 1978). The debtor remains in possession of the estate but must abide by the terms and conditions of the plan. 11 U.S.C. §§ 1057, 1058. Upon acceptance of the plan, the court appoints a trustee to receive and distribute, subject to the court’s control, all funds paid under the plan. 11 U.S.C. § 1033(4); Bankruptcy Rules 13-205, 13-208.
 

 In September 1979, Bankruptcy Judge Párente confirmed the Gorskis’ plan and appointed appellant Kirschenbaum as trustee. Kirschenbaum was to apply funds received from the Gorskis to unsecured debts of approximately $11,700, and the Gorskis were to pay secured debts of approximately $19,000 outside of the plan. For the next thirty-three months, the
 
 *725
 
 Gorskis made no payments at all under the plan, and Kirschenbaum failed to bring this fact to the attention of the court, or, apparently, to contact the Gorskis and request that they commence making payments.
 

 When the bankruptcy judge learned of this default he ordered all parties, including trustee Kirschenbaum, to appear in court. At a hearing in July 1982, the trustee stated that he was “unaware of the case until the Clerk’s Office notified [him] that a report was due,” and that he then reviewed his files and discovered that no payments had been mailed. Upon close questioning by the judge about his failure to carry out his obligations under the Act, appellant stated: “I really have no excuse.” The bankruptcy judge thereupon advised appellant that he would remove him from the case, and would also recommend that he be removed from other trusteeship positions in that court. He also stated, “I think you should be surcharged and I will give that consideration.”
 

 In a decision and order dated September 29, 1982, the judge found that appellant’s failure to carry out his obligations under section 47 of the Bankruptcy Act, 11 U.S.C. §75, and Bankruptcy Rule 13-208 constituted
 

 a material breach and default of his fiduciary duties and ... a negligent disregard of the rights and best interest of creditors. His misfeasance has allowed the debtors to enjoy the full benefits and protections of Chapter XIII for a period of three years without meeting any of their statutory obligations.
 

 The bankruptcy judge stated that
 

 [i]nherent in the trustee’s fiduciary duties under Chapter XIII of the Bankruptcy Act are his obligations to oversee the debtor’s compliance with the terms of the plan and to take appropriate action where the debtor does not make the required payments.
 

 The judge ordered Kirschenbaum to be “surcharged in his official capacity as trustee the sum of $500, payable to the estate.”
 

 On November 4, 1982, Judge Párente dismissed the Gorskis’ Chapter XIII petition with prejudice. Appellant requested at that time that the judge keep the proceeding open pending disposition of appellant’s appeal from the surcharge order, so that there would be no disbursement of the $500 to the Gorskis’ creditors prior to a decision on the appeal. The judge denied this request, and in open court ordered that the costs imposed on appellant personally “be paid to the Treasury of the United States.” Kirschenbaum then moved for a stay of the amended order, pending his appeal to the district court. The bankruptcy judge granted the stay.
 

 In January 1985, Judge Mishler of the Eastern District, in a memorandum decision, found that the trustee had improperly performed his duties and that the surcharge was “warranted and proper.” The decision made no mention of the November 4, 1982 oral modification of the surcharge order, which required payment to the Treasury rather than to the estate. This appeal followed.
 

 II.
 

 Before examining appellant’s arguments, we note that the appeal comes to us in a peculiar procedural posture. Appellant’s notice of appeal stated that “there are no other parties” to the appeal, and appellant has pursued his appeal
 
 ex parte.
 
 Neither the debtors nor their creditors have expressed any opinion regarding the ruling under review. For that reason, and since the order as modified mandates payment of the surcharge to the United States Treasury, this panel requested the United States Attorney for the Eastern District of New York to express the views of the government on the issues before us. The United States Department of Justice has responded to this request in a letter to the court.
 

 In challenging the $500 surcharge, appellant first argues that a Chapter XIII trustee under the Act has no duty to guarantee that the debtor make his payments, since, unlike a trustee appointed under other chapters, he is not required to collect or liquidate the property of the estate. Appellant argues that since the debtor, not the trustee, remains in control of the assets, it is the debtor who should be held respon
 
 *726
 
 sible for noncompliance with the plan. Appellant contends that he administers approximately 900 such plans, and that it is impractical for him to police the timeliness of debtors’ payments in all of these proceedings. In response, the view of the Department of Justice is that failure of the Chapter XIII trustee to monitor the debtors’ payments does constitute a breach of fiduciary duty.
 

 In Chapter XIII proceedings under the Act, the bankruptcy court is authorized to
 

 appoint a trustee to receive and distribute, subject to the control of the court, all moneys to be paid under the plan and shall require such trustee to give bond with surety to be approved by the court in such amount as the court shall fix;
 

 11 U.S.C. § 1033(4). The duties of such trustees are spelled out in part in Bankruptcy Rules 13-205, 13-208 and 13-603. Rule 13-208 states that:
 

 A trustee shall: (1) file a complete inventory of the property of the debtor if and as the court directs; (2) keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements; (3) forthwith file with the court notices of creditors’ addresses delivered to the trustee pursuant to Rule 13-203(c); (4) furnish information concerning the estate and its administration when reasonably requested by a party in interest, except as otherwise directed by the court; and (5) file a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements.
 

 In addition, 11 U.S.C. § 1002 makes other provisions of the Act applicable to Chapter XIII, “insofar as they are not inconsistent or in conflict with the provisions of [that] chapter.” Some of the requirements of the Act’s general provision regarding the duties of trustees as spelled out in 11 U.S.C. § 75, which was cited by Judge Pár-ente, thus can also be presumed to apply to Chapter XIII trustees.
 

 None of the above-named provisions expressly requires the trustee to insure that the debtor makes the payments required by a Chapter XIII plan, but the Rules do contemplate active participation by a trustee in effectuating a debtor’s plan. The trustee’s primary role is to distribute to creditors the funds deposited with him by the debtor, but the trustee is not a “mere distributing agent.” While the trustee has no liquidating tasks, his duties “are quite extensive and involve handling practically all problems connected with the administration of a wage earner case.” 11A
 
 Collier, supra,
 
 at 252. The trustee under the Act is supposed to inform the debtor of his duties, discourage fraudulent concealment of assets, and make the debtor aware that there is someone other than the bankruptcy court protecting the interests of the creditors.
 
 Id.
 
 at 254-55. The trustee is appointed by the court and remains under its supervision and control, subject always to discharge for failure to perform.
 
 Id.
 
 at 254; Bankruptcy Rule 221(a). We agree with Judge Párente that “inherent” in the Chapter XIII trustee’s fiduciary obligations is the duty to oversee the debtor’s compliance with the plan, including the duty to take appropriate action when the debtor does not make the required payments. Cf. 5 L. King,
 
 Collier on Bankruptcy
 
 ¶ 1302.-01[3][A][xiii] (15th ed. 1985) (“The chapter 13 trustee has always had a duty to monitor the debtor’s payments under a plan and to take appropriate action, such as the filing of a motion to dismiss or convert the case, if there is a material default in payments.”)
 
 [3]
 

 We therefore reject appellant’s claim that he bears no responsibility in connection with the Gorskis’ failure to make a single payment to creditors under the Chapter XIII plan for nearly three years while enjoying the financial and legal protections of a confirmed bankruptcy filing.
 

 It is true, as appellant contends, that no creditor has complained of harm in this
 
 *727
 
 ease. But this contention must be evaluated in light of the peculiar nature of Chapter XIII proceedings. In this case, typically, no creditor had a very large stake. The plan covered nine unsecured creditors with debts totalling $11,700. Had the plan been carried out, the debt would have been discharged for a total payment of $9,600. We agree with the assertion of the Department of Justice that, as a practical matter, reliance on creditors alone in a small Chapter XIII proceeding like this one to police the debtor’s adherence to a plan would encourage the kind of abuse that occurred here. Therefore, the bankruptcy court should look to the trustee to supervise compliance with the terms of the plan.
 

 Appellant’s other principal argument to us on this point is based upon his heavy caseload. But surely, that Kirschen-baum administers some 900 similar plans, as he alleges, does not relieve him from his court-appointed duties. If appellant finds that his heavy caseload makes it difficult properly to carry out his duties as a trustee, the solution is for him to take fewer cases. There is no question that a trustee in bankruptcy may be held personally liable for breach of his fiduciary duties.
 
 Mosser v. Darrow,
 
 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). Such liability may attach as the result of negligent, as well as knowing or intentional, breaches.
 
 In re Cochise College Park, Inc.,
 
 703 F.2d 1339, 1357 (9th Cir.1983);
 
 cf. Morrissey v. Curran,
 
 650 F.2d 1267, 1282 (2d Cir.1981). We thus agree with the findings of the bankruptcy and district courts that appellant was liable for breach of his fiduciary obligations. The question remains, however, whether the sanction imposed by the bankruptcy court, and affirmed by the district court, was appropriate.
 

 III.
 

 Kirschenbaum argues that a surcharge may be imposed on a bankruptcy fiduciary only if his breach of duty results in a loss to the estate. Here, he alleges, there was no such injury since the debtors still own their principal asset, their home, which has increased in value since the date the Chapter XIII petition was filed. Appellant further alleges that the failure of any creditor to object to the default, or to contact the trustee or the court during the relevant period, substantiates his contention that no injury was sustained. According to appellant, the bankruptcy judge’s imposition of the $500 surcharge payable to the Treasury was solely to punish appellant rather than to obtain restitution for the estate, and was therefore beyond the authority of the court.
 

 The Department of Justice agrees with appellant that a surcharge payable to the United States Treasury is not an appropriate remedy for the breach here because the purpose of a surcharge is to benefit the creditors. The government therefore proposes that the order on appeal be modified to direct that the trustee pay the $500 surcharge to the remaining creditors under the original plan, in proportion to any debts still owed, unless appellant proves that there are no outstanding debts. In response, appellant denies any breach of duty but goes on to argue, surprisingly, that if we disagree, payment of the $500 to the Treasury would be preferable to the “administrative nightmare” of reopening the closed bankruptcy proceedings.
 

 We have found no statutory or common law authority for the imposition, on facts like those before us, of a civil fine to be paid by the trustee to the Treasury. In the usual case, a surcharge is imposed on the fiduciary in the amount of the actual or estimated financial harm suffered by either the creditors or the estate and is payable accordingly.
 
 E.g., Mosser v. Darrow, supra,
 
 341 U.S. at 272-73, 71 S.Ct. at 682-83;
 
 *728
 

 In re Cochise College Park, Inc., supra,
 
 703 F.2d at 1358;
 
 In re Johnson,
 
 518 F.2d 246, 256 (10th Cir.),
 
 cert. denied,
 
 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975).
 

 The bankruptcy court faced an unusual situation when Kirschenbaum sought to stay dismissal of the Gorskis’ Chapter XIII petition pending his appeal of the surcharge. If the court did not dismiss the petition, the defaulting debtors would continue to obtain judicial protection to which they were not entitled. On the other hand, dismissing the petition would eliminate the estate as the entity to which the judge had ordered the surcharge to be paid; this might well permit the trustee to avoid financial responsibility for his breach of duty. Apparently for this reason, the judge substituted the Treasury for the bankruptcy estate as the recipient of the surcharge. Nevertheless, we agree with the government that this form of sanction cannot stand because the purpose of the surcharge on these facts must be to benefit the creditors.
 

 On the other hand, there is no doubt that the creditors were injured by the lack of any payments for nearly three years; indeed, the total injury may well have exceeded $500. Under the circumstances, we believe that the proper course is to remand the case to the district court to consider the government’s suggestion that the surcharge be used to reimburse, on a pro-rated basis, those creditors who were injured by the three-year deferral in payments by the Gorskis. If this is not feasible, the court should consider what other sanction, if any, is appropriate. Since the bankruptcy petition was dismissed with prejudice shortly after the original imposition of the surcharge, we have no way of knowing whether any of the creditors has received full or partial payment of the debts. As already noted, appellant argues that following the government’s suggestion would result in “an administrative nightmare” that would require the bankruptcy court “to reopen the case, notify parties and supervise the administration of the order of distribution” and the creditors to verify their debt. On the record before us, we cannot determine whether appellant’s fears are justified. This is a task that more appropriately lies with the district and bankruptcy courts, to whom this argument has not as yet been made.
 
 [4]
 

 We therefore affirm the finding of breach of duty and remand to the district court to determine, in light of this opinion, the proper remedy, if any, for the breach at this time. No costs.
 

 [1]
 

 . The petition was filed prior to the effective date of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549, and all matters relating to the petition — including this appeal— are therefore governed by the earlier statute, the Bankruptcy Act of 1898, as amended, 11 U.S.C. § 1
 
 et seq.
 
 (repealed).
 
 See
 
 Pub.L. No. 95-598, §§ 402(a) and 403(a), 92 Stat. 2682-83 (governing transition to 1978 Act).
 

 [2]
 

 . All citations in this opinion to Title 11 of the U.S.Code and to Bankruptcy Rules refer to the repealed versions under the Act unless otherwise noted.
 

 [3]
 

 . The Bankruptcy Reform Act of' 1978 (the Code) made these obligations even more explicit. The Code provided Chapter 13 trustees with the duty to "advise, other than on legal matters, and assist the debtor in performance under the plan.” 11 U.S.C. § 1302(b)(3). This section was
 
 *727
 
 amended in 1984 to add that the trustee has the duty to "ensure that the debtor commences making timely payments [under the plan]." 11 U.S.C.A. § 1302(b)(5) (West Supp.1985). These 1978 and 1984 descriptions of the trustee’s obligations were not novel; they were designed to make explicit previously existing expectations and to dispel any notion that the trustee was a "mere disbursing agent.” S.Rep. No. 989, 95th Cong. 2d Sess. 139,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5925;
 
 see also
 
 5
 
 Collier, supra,
 
 ¶ 1302.01 [3], at 1302-5 (15th ed.).
 

 [4]
 

 . Appellant also suggests that since Chapter XIII petitions are entirely voluntary, the bankruptcy court would not have the "authority to reopen the case at this time.” Appellant cites no authority and has not explained why the fact that a Chapter XIII petition is filed voluntarily should preclude a bankruptcy judge who has dismissed such a petition because of the debtor's noncompliance with the plan from reopening the proceedings. However, the contention, which is raised for the first time on appeal, need not be answered here and may be pressed on remand.