**In re Gerald BARROWS, Angela Barrows, Debtors.**

**Gerald and Angela BARROWS, Plaintiffs,**

**v.**

**Dennis BEZANSON, Trustee, Fidelity Bond Co., Defendants.**

**Bankruptcy No. 90–68–JEY. Adv. No. 92–1076.**

United States Bankruptcy Court, D. New Hampshire.

June 24, 1994.

Jerry Barrows, pro se.

Angela L. Barrows, pro se.

William C. Saturley, Nelson Kinder Mosseau & Gordon, Manchester, NH, for defendants Dennis Bezanson and Fidelity Deposit.

Geraldine Karonis, Manchester, NH, for defendant U.S. trustee.

## ORDER ON SUMMARY JUDGMENT MOTION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding came before this Court on June 14, 1994, on a pretrial hearing on the Amended Complaint filed by the plaintiff on January 20, 1994 (Court Doc. No. 42), as well as a Motion for Summary Judgment filed by the defendants on May 13, 1994 (Court Doc. No. 48). The Court heard extensive argument on the defendants' Motion for Summary Judgment.

The Amended Complaint filed by the debtors-plaintiffs, Gerald and Angela Barrows, alleges various grounds of liability on the part of the trustee with regard to the administration of this estate which allegedly damaged the plaintiffs' interest in various assets which are primarily pending lawsuits. The plaintiffs claim that the lawsuits were not handled properly by the trustee which led to damage suffered by the debtors.

### Legal Standard

The defendants' motion asserts that more than negligence is required to support these causes of action and that to the extent that willful and deliberate actions are alleged that they are minimal and not material to the causes of action. They have cited only one case in that regard and that is *Conn. Gen. Life Ins. v. Universal Ins. Co.*, 838 F.2d 612 (1st Cir.1988).

That case simply does not hold what the defendants assert that it holds. *Connecticut General* is a case in which there clearly was willful and deliberate violation of fiduciary duties and the court noted that under that standard trustees can be personally liable. It did not hold that negligent actions can never be actionable. Indeed, the court goes on further to say "Some courts have even held that personal liability can be imposed for negligent acts by a trustee at least where discretionary judgments are not involved." *Conn. Gen. Life. Ins. v. Universal Ins. Co.*, 838 F.2d at 621 (citing *In re Gorski*, 766 F.2d 723, 727, (2nd Cir.1985); *In re Cochise College Park Inc.*, 703 F.2d 1339, 1357, n. 26 (9th Cir.1983)).

Subsequently in 1992 a District Court in this Circuit has stated the rule positively the other way around. In *In re El San Juan Hotel Corp.*, 149 B.R. 263, the court notes on page 273 that " 'A bankruptcy trustee may be personally liable for negligent acts; however only where 'discretionary judgments are not involved.' " *In re San Juan Hotel Corp.*, 149 B.R. 263, 273 (D. Puerto Rico 1992), *aff'd on intentional tort grounds*, 7 F.3d 218 (1st Cir.1993) (unpublished disposition), *cert. de-*

*nied,* —— U.S. ——, 114 S.Ct. 1372, 128 L.Ed.2d 49 (1994).

Counsel for the defendants has not been able to point to any First Circuit decision that specifically holds that negligence in the performance of duties by a trustee is not actionable as a general proposition. In the absence of any controlling precedent in this Circuit, the Court has considered decisions in other Circuits for guidance.

The Court of Appeals in *In re Rigden,* 795 F.2d 727, 730 (9th Cir.1986) set forth persuasively an appropriate standard for trustee liability in this context:

> A bankruptcy or reorganization trustee has a duty to exercise that measure of care and diligence that an ordinary prudent person would exercise under similar circumstances. *In re Cochise College Park, Inc.,* 703 F.2d 1339, 1357 (9th Cir.1983). The trustee also has a fiduciary obligation to conserve the assets of the estate and to maximize distribution to creditors. *In re Benny,* 29 B.R. 754, 760 (N.D.Cal.1983); *2A Collier on Bankruptcy* ¶ 47.04 (14th ed. 1978). Although a trustee is not liable for mistakes in judgment where discretion is allowed, he or she is liable "for not only intentional but also negligent violations of duties imposed upon him by law." *In re Cochise,* 703 F.2d at 1357 (citing *Mosser v. Darrow,* 341 U.S. 267, 272, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951)).

See also discussion by the majority in *Rigden,* at page 731, n. 1, rejecting the argument of the dissent that the decision in *Commodities Futures Trading Commission v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), supports substituting a "business judgment rule" for a fiduciary standard of reasonable care and due diligence by trustees of a corporate debtor.[1]

The Court in *Rigden* relied upon its prior decision in *In re Cochise College Park, Inc.,* 703 F.2d 1339 (9th Cir.1983), in which the Court of Appeals reversed a summary judgment granted in favor of a defendant trustee by the Bankruptcy Court and affirmed by the District Court below.[2] The allegations against the trustee in that action seeking personal liability included contentions based upon negligent performance of his duties.

The Court in *Cochise* ruled that the courts below had not dealt appropriately with the "negligent performance of duties" contentions made by the plaintiffs:

> We reject the approach of the Tenth and Sixth Circuits which, in an apparent misreading of the seminal case of *Mosser v. Darrow,* 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951), have concluded that a bankruptcy or reorganization trustee may be held personally liable for damages only for injuries arising from intentional—as opposed to negligent—conduct. *Sherr v. Winkler,* 552 F.2d 1367, 1375 (10th Cir. 1977); see *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 461–62 (6th Cir.1982) (applying *Sherr* holding to debtor in possession case); *see also United States v. Sapp,* 641 F.2d 182, 184–85 (4th Cir.1981) (dictum). Explaining the liability of a reorganization trustee for the improper use of assets of the estate by his employees, the *Mosser* court stated:

> > The liability here is not created by a failure to detect defalcations, in which case negligence might be required to surcharge the trustee, but is a case of a willful and deliberate setting up of an interest in employees adverse to that of the trust.

341 U.S. at 272, 71 S.Ct. at 682. Interpreting this language, the *Sherr* court declared that "the court held that a reorganization trustee would not be liable personally except for willful and deliberate acts." 552 F.2d at 1375; *see Weaver,* 680 F.2d at 461–62 (citing *Sherr and Sapp* ).

Given that the term "surcharge" itself means to impose "personal liability on a fiduciary for willful *or* negligent misconduct in the administration of his fiduciary duties," *Black's Law Dictionary* 1292 (rev.

---

1. I note that even the dissenting judge in *Rigden* agrees with the majority's standard as applied to trustees of individual debtors. 795 F.2d at 738.

2. As noted above, the *Cochise* case was cited by the First Circuit in the *Conn. Gen. Life Ins.* case. 838 F.2d at 621.

5th ed. 1979) (emphasis added), we find this interpretation to be incorrect. Properly construed, the language quoted from *Mosser* indicates merely that the sort of personal liability which may be imposed on a trustee for the acts of his employees is not strict liability but rather liability depending at least on a showing of the trustee's own negligence; *Mosser* does not "hold" in any sense that personal liability does not obtain if such a showing of negligence is made.

*In re Cochise College Park, Inc.*, 703 F.2d at 1357 n. 26.

The Court in *Cochise* also took notice of two opinions in other Circuits arguably to the contrary but found the reasoning in those cases not persuasive:

The bankruptcy judge and the district court summarily rejected these contentions. We conclude that the bankruptcy judge and district court erred in granting summary judgment on appellants' claims because they evaluated Perry's conduct under incorrect legal standards.

\* \* \* \* \* \*

A bankruptcy or reorganization trustee is a fiduciary of each creditor of the estate, including anyone who is a party to an executory contract with the bankrupt. *See Wolf v. Weinstein*, 372 U.S. 633, 650, 83 S.Ct. 969, 979, 10 L.Ed.2d 33 (1963); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 461 (6th Cir.1982); *Sherr v. Winkler*, 552 F.2d 1367, 1374 (10th Cir.1977); *Moulded Products, Inc. v. Barry*, 474 F.2d 220, 224 (8th Cir.), *cert. denied*, 412 U.S. 940, 93 S.Ct. 2779, 37 L.Ed.2d 400 (1973). As such, he has a duty to treat all creditors fairly and to exercise that measure of care and diligence that an ordinarily prudent person under similar circumstances would exercise. *Weaver*, 680 F.2d at 461; *Sherr*, 552 F.2d at 1374; *In re Johnson*, 518 F.2d 246, 251 (10th Cir.), *cert. denied*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975). Although a trustee is not liable in any manner for mistakes in judgment where discretion is allowed, *Mosser v. Darrow*, 341 U.S. 267, 273–74, 71 S.Ct. 680, 683, 95 L.Ed. 927 (1951); *Weaver*, 680 F.2d at 461; *Sherr*, 552 F.2d at 1375, he is subject to

personal liability for not only intentional but also negligent violations of duties imposed upon him by law, *see Mosser*, 341 U.S. at 272, 274, 71 S.Ct. at 682, 683; *Johnson*, 518 F.2d 246, 251; *cf. Leonard v. Vrooman*, 383 F.2d 556, 561 (9th Cir.1967) (trustee is personally liable for acts which either are not taken in good faith or are unreasonable).

*In re Cochise College Park, Inc.*, 703 F.2d at 1357.

The Court of Appeals for the Second Circuit in *In re Gorski*, 766 F.2d 723 (2nd Cir.1985) followed the decision in *Cochise*, in affirming a judgment which imposed personal liability upon a trustee in bankruptcy, and commented as follows:

Appellant's other principal argument to us on this point is based upon his heavy caseload. But surely, that Kirschenbaum administers some 900 similar plans, as he alleges, does not relieve him from his court-appointed duties. If appellant finds that his heavy caseload makes it difficult properly to carry out his duties as a trustee, the solution is for him to take fewer cases. There is no question that a trustee in bankruptcy may be held personally liable for breach of his fiduciary duties. *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). Such liability may attach as the result of negligent, as well as knowing or intentional, breaches. *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir.1983); *cf. Morrissey v. Curran*, 650 F.2d 1267, 1282 (2d Cir.1981).

*In re Gorski*, 766 F.2d at 727.

The Bankruptcy Court in North Dakota in *In re Haugen Const. Service, Inc.*, 104 B.R. 233, 240 (Bankr.N.D.1989) cited the *Rigden* decision, discussed above, and elaborated upon the appropriate standard involved in the analogous situation involving a request to remove a trustee under § 324 of the Bankruptcy Act for nonperformance of his duties, as follows:

The court, *In re Rigden*, supra, conceding that a trustee has a fiduciary obligation to conserve assets and maximize distribution, said a trustee will not be liable for the results of a mistake or decisions made if

made with that degree of diligence and reasonable care normally expected of a prudent person under similar circumstances. Here Butler does not allege nor do the facts of Armstrong's administration suggest actual fraud or malfeasance. Butler asserts, however, that the estate actually lost significant sums of money that were otherwise recoverable due to Armstrong's dilatoriness and failure to aggressively pursue preferences and potential claims against the Debtor and Gary Haugen. Butler generally views Armstrong's administration as a misfeasance of his obligations under section 704, section 548 and 549 which constitutes breach of his fiduciary obligations to creditors.

Even assuming Armstrong made a mistake in not pursuing preferences on a timely basis or not commencing other actions perceived by Butler to exist, his administrative decisions must be gauged against what, for lack of a better term might be called the 'reasonable trustee' test.

Considering the foregoing authorities, and agreeing that the Sixth and Tenth Circuits in the decisions cited above incorrectly read into *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951), a ruling barring personal liability of trustees in bankruptcy absent willful and deliberate misconduct, which nowhere appears in the *Mosser* decision, I conclude that the appropriate legal standard in this context appears in the Second and Ninth Circuit decisions cited. Negligence by a trustee in bankruptcy in the performance of his or her duties is actionable and can constitute a basis for personal liability to the extent that such negligence constitutes a failure to exercise that degree of due care appropriate to the performance of a trustee's duties. Since such negligence would constitute a breach of the fiduciary duty of a trustee in bankruptcy, it is no answer to a claim against a trustee in that context that the trustee has some discretion as to whether that fiduciary duty will be performed.[3]

The Amended Complaint filed by the plaintiffs in my judgment is sufficient to allege causes of action based upon the foregoing standard of liability of a trustee in bankruptcy. Being drafted by *pro se* parties the pleading is entitled to a more lenient construction that might otherwise be required in litigation in which both parties are represented by counsel. *Rockwell v. Cape Cod Hospital,* 26 F.3d 254, 260 (1st Cir.1994), citing *Mosser v. Darrow,* 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). I believe the present case justifies that degree of limited indulgence to these *pro se* plaintiffs in terms of asserting causes of action against the defendants under the applicable legal standard.

Accordingly, the Motion for Summary Judgment is not supported and cannot be granted on the contention by the defendants that willful and deliberate actions are a prerequisite for the causes of action being asserted. However, there are other grounds asserted, as to certain of these causes of action, which do support granting certain aspects of the motion.

### *Clark Lawsuit*

With regard to the aspect of the complaint that deals with the alleged failures of the trustee to act with regard to the Clark lawsuit, referred to in paragraph 15 and 16 of the Amended Complaint, and generally in other portions of the Complaint, the Motion for Summary Judgment must be granted.

As I indicated during the oral argument, I find no damages suffered by the plaintiffs in that regard, inasmuch as the trustee was able to recover $10,000 from debtors' former counsel and the debtors were permitted to pursue the malpractice claim against their former counsel. The dismissal of the adversary proceeding in this Court was without prejudice to the debtors proceeding in the state courts on a malpractice action for their own benefit and their own pocket if they could establish that cause of action against their own attorneys.

---

**3.** This is not to say that as a factual matter at an evidentiary trial some discretion by the trustee will not come into play as to the due care factor.

### First Northern Lawsuit

■ With regard to the aspect of the Amended Complaint that deals with the First Northern lawsuit, referred to paragraphs 11 and 12 of the Amended Complaint, and generally in other portions of the Complaint, the Motion for Summary Judgment must also be granted.

This aspect of the Complaint involves the alleged failure of the trustee to do what he should have done with regard to the *First Northern* lawsuit, and with regard to the outcome of that lawsuit, and the failure of the settlement of the Bank to be effectuated. I will find and do find from this record that there is no material question of fact here.

The debtors and their attorney represented to the trustee that they would take certain actions to provide a method for effectuating that proposed settlement, in terms of an ongoing operation that could take advantage of the profit possibility involved with the financing and other benefits that would be available from the Bank under the settlement. The debtors failed to take the necessary action to convert the case to chapter 11 to provide an ongoing operational entity that could take advantage of that opportunity.

To put in another way, this record clearly reflects that the trustee was deflected from taking any further action with regard to that matter, awaiting conversion action by the debtors and their counsel. There is nothing in this record indicating that Gerald Barrows gave any crisp and clear deadline notice to the trustee that he simply had to sign a release form by a given date to avoid loss to the estate. Instead the debtors and their attorneys in effect left that to be accomplished in the context of an ongoing reorganization.

For whatever reasons, which are probably the subject of the malpractice lawsuit between Gerald Barrows and his attorney, Mr. Clark, that was never accomplished. I simply do not find any proximate causation between any damage suffered and the trustee's failure to execute a settlement document that

was not proffered to him. It was only mentioned to the trustee in the context of going back into chapter 11 and no action was taken in that regard prior to the time that the Bank was taken into receivership. For all those reasons I find no genuine issue of material fact on this matter and find that the defendants are entitled to judgment as a matter of law on the undisputed facts.

### Fidelity and Diamond Lawsuits

■ With regard to the Fidelity lawsuit and the Diamond lawsuit there are genuine issues of material fact in my judgment in this record as to whether the trustee in all the circumstances of this case had adequate notice that he should take specific actions with regard to these lawsuits at given dates, failing which those lawsuits might be prejudiced to the extent that they were of benefit to this estate, and that his inaction may have violated the requisite duty of care and caused damage to the estate. Material and genuine issues of fact are presented as to whether the trustee had adequate notice in that regard and failed to act in accordance with his legal duties under the appropriate standard.

The record indicates, at least in terms of a genuine issue of material fact, that the trustee was trying to straddle in some way by not moving affirmatively to take over the lawsuits, to avoid incurring expense to the estate, while still preserving a claim to any benefits should the suits prove to be successful, and therefore not abandoning them in a clear and timely fashion with the debtors being entitled to the benefits but also liable for whatever happened in the conduct of the lawsuits thereafter.[4]

This bankruptcy case was filed on July 31, 1990. The lawsuits were listed in the original bankruptcy schedules. The trustee upon the conversion from chapter 11 in August of 1990 was under a duty to examine the schedules, the existing Court orders, and determine whether some action would be necessary with regard to these lawsuits. Moreover, there is nothing indicating that the trustee was deflected from that duty, as was

---

4. The Court of Appeals for this Circuit has noted and criticized inappropriate straddling conduct by a trustee in bankruptcy. See *Bezanson v.*

*Metropolitan Insurance Company,* 952 F.2d 1 (1st Cir.1991).

true in the *First Northern* situation I discussed above, at least on this record. Thus the basis for granting a summary judgment does not appear in either the Fidelity or Diamond lawsuit matters.

*Recap of Ruling On Motion*

Accordingly, the Court finding a genuine issue of material fact involved with both Fidelity and the Diamond lawsuits, those aspects of the Motion for Summary Judgment are denied and the case will proceed to trial on the allegations with regard to the trustee's alleged failure to comply with his duties as to those assets of the estate. With regard to the Clark and First Northern lawsuits, the Court finding no genuine issue of material fact, and the defendants being entitled to judgment as a matter of law, those aspects of the Motion for Summary Judgment are granted and the final judgment subsequently to be entered in this cause will so provide.

DONE and ORDERED.