Foy v. SMA Ins.                                    CV-95-97-SD    07/22/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


James M. Foy


        v.                                          Civil No. 95-97-SD


S.M.A. Insurance Agency, Inc.;
Jonathan Robinson, Receiver;
Jonathan Robinson, Individually



                          O R D E R


        Presently before the court is, inter alia,[1] defendants'
motion to quash the deposition subpoena of defendant Jonathan
Robinson.  Document 44.  In the alternative, defendants move for
protective order.  Plaintiff objects.  Document 46.

        Also before the court are defendant SMA's and Robinson's, as
receiver, motion to dismiss, or, alternatively, motion for
summary judgment, document 6, as well as plaintiff's second
motion to amend complaint, document 35.  Plaintiff and defendants
object to such motions accordingly.  Documents 12, 38.

-------------------------

        [1]Also pending at this time are: (1) defendant Robinson's, as
individual, motion to dismiss for lack of personal jurisdiction,
document 4; (2) defendant SMA's and Robinson's, as receiver,
motion for change of venue, document 7; (3) defendant SMA's and
Robinson's, as receiver, motion to dismiss for improper venue,
document 8; and (4) plaintiff's motion to disqualify counsel for
defendants, document 25.

## 1. Plaintiff's Motion to Amend, document 35

The discretion to permit the amendment of pleadings is derived from the language of Rule 15(a), Fed. R. Civ. P. The relevant portion of such Rule provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

See also Foman v. Davis, 371 U.S. 178, 183 (1962).

Plaintiff attempts to amend his complaint a second time in an alleged effort to conform same to the rulings recently issued in a related suit taking place in York County (Maine) Superior Court. Finding that such amended complaint serves to narrow and clarify the issues here in dispute, the court herewith grants plaintiff's second motion to amend.[2] It is further ordered that such second amended complaint be docketed as of the date of this order.

## 2. Defendants' Motion to Quash, document 44

Citing to the various, and potentially dispositive, motions now pending, defendants seek an order from the court either: (1)

---

[2]In consequence of same, the court herewith denies defendants' motion to dismiss, or, in the alternative, for summary judgment (document 6) without prejudice to later refiling.

2

quashing the Robinson deposition subpoena outright or (2) postponing any such deposition until after the court has ruled on all pending motions or (3) limiting the scope of any such deposition to the narrow issue of this court's jurisdiction over Robinson in his individual capacity.  See Defendants' Motion to Quash at 3.

Taken in sum, the net result of an order granting defendants' remaining pending motions effectively would be to transfer this matter to the District of Maine.  Discovery taken during the subject deposition will be just as beneficial to the litigation in that court as it might here.  The court thus finds and rules that defendant Robinson will suffer no "undue burden" by having his deposition taken as currently scheduled.  See Rule 45(c)(3)(A)(iv), Fed. R. Civ. P. ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden.").

Moreover, the court further finds and rules that such deposition will be of a greater benefit to both the parties and the court if the scope of same is not delimited to the narrow issue relating to this court's jurisdiction over the person of

3

Robinson as an individual.[3]

Accordingly, the court herewith denies defendants' motion to quash and further denies the alternative motion for protective order.

3. Conclusion

For the reasons set forth herein, the court grants plaintiff's second motion to amend complaint (document 35) and orders such second amended complaint to be docketed as of the date of this order. Defendants' motion to dismiss, or, in the alternative, motion for summary judgment (document 6) is denied

---

[3]The issue of this court's jurisdiction over Robinson, individually, notwithstanding, the court pauses to note that receivers will ordinarily only be held personally liable for their actions under the narrowest of circumstances. See, e.g., McNulta v. Lochridge, 141 U.S. 327, 332 (1891) ("Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgements against him as receiver are payable only from the funds in his hands.") (emphasis added); Capitol Indem. Corp. v. Curiale, 871 F. Supp. 205, 209 (S.D.N.Y. 1994) ("Under limited circumstances, such as where a receiver has acted beyond the scope of his authority, the receiver may be sued in a personal or individual capacity.") (citations omitted); FHLMC v. Tsinos, 854 F. Supp. 113, 116 (E.D.N.Y. 1994) (same).

without prejudice to later refiling.  Defendants' motion to quash or for protective order (document 44) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 22, 1996

cc:  Gregory T. Uliasz, Esq.
     Edward A. Haffer, Esq.
     James E. Townsend, Esq.
     Sidney Thaxter, Esq.