## McNULTA v. LOCHRIDGE.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 1324. Submitted October 13, 1891.—Decided October 26, 1891.

Whether a person holding the office of receiver can be held responsible for the acts of his predecessor in the same office is not a Federal question, but a question of general law.

A receiver of a railroad, appointed by a Federal court, is not entitled under the act of March 3, 1887, c. 373, § 3, 24 Stat. 552, 554, to immunity from suit for acts done by his predecessor, without previous permission given by that court.

An adverse judgment of a state court, upon the claim of a receiver appointed by a Federal court, of immunity from suit without leave of the appointing court first obtained is subject to review in this court.

Actions will lie by and against a receiver for causes of action accruing under his predecessor in office.

THIS was a motion to dismiss a writ of error, or affirm the judgment of the court below upon the following state of facts:

In July, 1887, Lochridge, the defendant in error, began two suits in the Circuit Court of Christian County, Illinois, against McNulta, the plaintiff in error, as receiver of the Wabash, St. Louis and Pacific Railway Company, to recover, damages for the death of James and Mary E. Molohon, alleged to have been occasioned by the negligent management of an engine at a public crossing. At the time the cause of action arose Thomas M. Cooley was receiver of the road under an order made by the Circuit Court of the United States for the Southern District of Illinois, in a suit to foreclose a mortgage upon the road. Judge Cooley having resigned his receivership, plaintiff in error, John McNulta, was appointed his successor, and was in possession of and operating the road at the time the suits were brought. Demurrers were interposed to the declarations, and overruled, and the suits were subsequently consolidated by agreement of parties, tried, and a verdict rendered in favor of the plaintiff for six thousand dollars. This judgment was subsequently affirmed by the Appellate Court of the Third District, and again by the Supreme Court of the State. Defendant thereupon sued out this writ and assigned as error, first, that the Supreme Court erred in holding that, under the act of Congress above cited, the plaintiff was entitled to maintain the action, when it appeared from the record that McNulta was not the receiver when the cause of action accrued; and second, in holding that, under said act, McNulta could be sued as receiver with respect to any act or transaction which occurred before his appointment, without previous leave of the court of the United States by which he was appointed. Defendant in error thereupon moved to dismiss upon the ground that no Federal question was involved.

*Mr. James W. Patton* for the motion.

*Mr. George B. Burnett* and *Mr. Wells H. Blodgett* opposing.

The learned counsel for defendant in error says that we seem to take the view that the right to sue the receiver depends upon this act of Congress, but that in this respect we are

mistaken : — that long before the existence of that statute it was held that a receiver was liable in his official capacity for injuries caused by the negligence of his employés, and that he is amenable to the same rules of liability that apply to the corporation of which he is receiver, while it was operating the road.

Assuming this to be true, it was always an essential pre-requisite to the bringing of a suit against a receiver, that leave should first be obtained of the court appointing the receiver to bring the action, as the authorities cited by counsel show. True, it may be said plaintiff in error was exempt from suit, without leave of the court appointing him, before the passage of the act of Congress; but while that act, as we contend, permitted suits to be brought against a receiver without leave of the court appointing him "respecting any act or transaction" of the receiver sued, it in terms preserved that immunity from suit to a receiver whose "act or transaction" was not the cause of the injury complained of, and the Supreme Court of Illinois having construed the act of Congress, and having denied to plaintiff in error the immunity claimed under that act, the correctness of that decision is a proper subject of review in this court.

Mr. Justice Brown, after stating the case as above reported, delivered the opinion of the court.

The substance of the first assignment of error is that under the act of March 3, 1887, plaintiff was not entitled to main-tain a suit against McNulta, as receiver, for a cause of action which accrued when the road was in possession of and ope-rated by a former receiver. This is clearly not a Federal ques-tion, but a question of general law, viz.: whether one person holding the office of receiver can be held responsible for the acts of his predecessor in the same office. The substance of the second assignment is that the Supreme Court of Illinois erred in holding that such suit could be maintained against the present receiver for the acts of his predecessor without the previous leave of the court appointing him.

(1) Plaintiff in error relies in this connection upon the act of Congress of March 3, 1887, c. 373, 24 Stat. 552, determining the jurisdiction of the Circuit Courts, which provides in section 3, that "every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." It is difficult to see what right can be claimed by the receiver under this act. The right he claims is immunity from suit without the prior leave of the court appointing him; but this is a right not given by the statute, but in obedience to a general and familiar principle of law recognized by this court in *Davis* v. *Gray*, 16 Wall. 203; and *Barton* v. *Barbour*, 104 U. S. 126. The right conferred by the statute to sue without the prior leave of the court, is not given to the defendant, but to the plaintiff, and the only question which could properly arise under the act in this case is, whether the receiver so sued could be held liable for the acts of a prior receiver. The act does not deprive any one of the right to sue where such right previously existed, but gives such right in certain cases, and it was for the court to say whether the plaintiff's cause of action fell within the statute, or whether the defendant was entitled to the exemption given him by the general law. Had the Supreme Court of Illinois decided that under this act the defendant could not be sued without the prior leave of the Federal court, the plaintiff might doubtless have obtained a writ of error from this court upon the ground that he had been denied a right given him by a "statute" of the United States (Rev. Stat. § 709), but it does not follow that the other party is entitled to the same remedy. The case in this particular is analogous to that of *Missouri* v. *Andriano*, 138 U. S. 496, decided at the last term, in which we held that it was only the party whose right under a statute had been denied who was entitled to a writ of error to review the final judgment of the state court.

(2) But, while we think that plaintiff in error is not entitled to immunity by virtue of the statute of 1887, we are authorized

by Revised Statutes, sec. 709, to review the final judgment or decree of a state court where "any title, right, privilege or immunity is claimed under . . . any . . . *authority* exercised under the United States, and the decision is against the title, right, privilege or immunity specially set up or claimed by either party under such . . . authority, . . ." etc. Now, as McNulta was exercising an authority as receiver under an order of the Federal court, and claimed immunity as such receiver from suit without the previous leave of such court, and the decision was adverse to such claim, he is entitled to a review of such ruling whether his claim be founded upon the statute or upon principles of general jurisprudence. We regard this as a legitimate deduction from the opinions of this court in *Buck* v. *Colbath,* 3 Wall. 334; *Feibelman* v. *Packard,* 109 U. S. 421; *Pacific Railroad Removal Cases,* 115 U. S. 1; *Etheridge* v. *Sperry,* 139 U. S. 266; and *Bock* v. *Perkins,* 139 U. S. 628. The motion to dismiss must therefore be denied.

(3) But, as there was, for the reasons above stated, color for the motion to dismiss, we are at liberty to inquire whether there is any foundation for the position of the receiver in this case that he is not liable to suit without permission of the Federal court, and we are of the opinion that there is not. The act of March 3, 1887, declares that "every receiver . . . may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which said receiver or manager was appointed." We agree with the Supreme Court of Illinois that it was not intended by the word "his" to limit the right to sue to cases where the cause of action arose from the conduct of the receiver himself or his agents; but that with respect to the question of liability he stands in place of the corporation. His position is somewhat analogous to that of a corporation sole, with respect to which it is held by the authorities that actions will lie by and against the actual incumbents of such corporations for causes of action accruing under their predecessors in office. *Polk* v. *Plummer,* 2 Humphreys, 500; *Jansen* v. *Ostrander,* 1 Cowen, 670. If

actions were brought against the receivership generally or against the corporation by name, "in the hands of," or "in the possession of," a receiver without stating the name of the individual, it would more accurately represent the character or status of the defendant. So long as the property of the corporation remains in the custody of the court and is administered through the agency of a receiver, such receivership is continuous and uninterrupted until the court relinquishes its hold upon the property, though its *personnel* may be subject to repeated changes. Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands. As the right given by the statute to sue for the acts and transactions of the receivership is unlimited, we cannot say that it should be restricted to causes of action arising from the conduct of the receiver against whom the suit is brought, or his agents.

The defence is frivolous, and the judgment of the Supreme Court of Illinois must be

*Affirmed.*

The CHIEF JUSTICE and MR. JUSTICE GRAY, having been absent when this case was submitted, took no part in its decision.