**· FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

**v.**

**Ieremias TSINOS, Cibro Petroleum Brooklyn, Inc., and John Doe # 1 to # 70, Both Inclusive, the Names of the Last 70 Defendants Being Fictitious, Said Defendants' True Names Being Thereby Intended to Designate Parties with Liens that are Subject and Subordinate to the Lien of the Mortgage Being Foreclosed Herein and Tenants, Lessees, or Occupants of Portions of the Mortgaged Premises Described in the Complaint, Defendants.**

### No. 93 CV 1548(SJ).

United States District Court, E.D. New York.

May 23, 1994.

---

Hertzog, Calamari & Gleason, New York City, for plaintiff.

Gregory R. Blatto, Bronx, NY, for Receiver.

Robert Abrams, Atty. Gen., State of N.Y., New York City by Charles F. Sanders, Asst. Atty. Gen., New York State Div. of Housing and Community Renewal, for defendants.

## MEMORNADUM AND ORDER

JOHNSON, District Judge:

Before this Court are several motions brought by Jerome Waxenberg, the Receiver (the "Receiver") of 24–16 40th Avenue, Long Island City, New York (the "Property"), relating to an action before the New York State Division of Housing and Community Renewal ("DHCR") brought by a tenant of the property for overcharge of rent. The Receiver seeks an order 1) expediting a decision by DHCR; 2) insulating the Receiver and his managing agent from personal liability for any adverse finding by DHCR; 3) limiting the tenant to an offset of future rents and issuing a stay from docketing any such order against the receiver; 4) issuing a stay of the enforcement of such judgment until the Receiver is discharged or the building is sold; and 5) issuing a stay of any decision by DHCR on the merits of the tenant's complaint pending this Court's determination of this motion. For the following reasons, the motion is granted in part and is determined to be moot in part.

## BACKGROUND

Plaintiff, Federal Home Loan Mortgage Corp. ("FHLMC"), brought this action to foreclose on a mortgage held by them on the property located at 24–16 40th Avenue, Long Island City, New York. Defendant, Ieremias Tsinos ("Tsinos") had executed and delivered a multifamily note on February 13, 1989 whereby he promised to pay to Atlantic Mutual Mortgage Corp. ("Atlantic") the principal sum of $1,035,000.00 with interest thereon. As security for this Note, Tsinos executed and delivered a multifamily mortgage to Atlantic. The mortgage was duly recorded and indexed on February 28, 1989. Atlantic assigned the mortgage to Plaintiff, Federal Home Loan Mortgage Corp. ("FHLMC") on February 13, 1989 and the assignment was duly recorded on February 28, 1989. Tsinos also executed and delivered a Collateral Assignment of Leases and Rentals to Atlantic which in turn was assigned to FHLMC thus entitling Plaintiff to all rents, earnings, income, issues and profits from the property. This assignment was also duly recorded on February 28, 1989.

At some point in time, Tsinos defaulted on his payments and Plaintiff notified Tsinso by letter dated March 19, 1993 that the defaults must be remedied by March 29, 1993. When no remedy was made, Plaintiff declared the

whole of the debt due under the mortgage and notified Tsinos by letter dated March 29, 1993. Plaintiff brought this action to foreclose as provided by the terms of the mortgage.

On May 18, 1994, Plaintiff filed an application for the appointment of a receiver for the property. Paragraph 27 of the mortgage had provided that FHLMC was entitled to such an appointment as a matter of right and need not provide notice to the Defendant. This Court appointed Jerome Waxenberg as receiver on May 13, 1993 to collect the rents from the rental units of the property.

Upon his appointment, Waxenberg sought to obtain any records concerning the building, the rents, and leases; however, only a rent roll in the possession of the property's superintendent was ever found. Waxenberg was authorized to bring an action against the Defendant for contempt of the order requiring Tsinos to turn over the records but Tsinos had fled the country by this time and his whereabouts were unknown. Thus, Waxenberg did not seek to bring a motion holding Tsinos in contempt.

In June 1993, a tenant of the property, Gloria Teran ("Teran") filed a complaint with DHCR alleging a rent overcharge. The receiver sought a sixty-day extension to look for the records necessary for the defense of this action but to no avail. In the meantime, Teran filed an additional complaint challenging the initial legal registered rent for the apartment.

Seeking guidance from this Court, the Receiver filed his motions seeking relief from the possible adverse state judgments on this issue. Before this Court had an opportunity to decide these motions, the DHCR ruled in favor of the tenant awarding her $24,812.82. To our knowledge this judgment has not yet been docketed by the tenant and the Receiver has until May 25, 1994 to comply with this order or to file a Petition for Administrative Review. Accordingly, the receiver has renewed his application to this Court to insulate him from personal liability and to limit the tenant's judgment to the offset of future rents or the proceeds of the building sale.

During these various proceedings, on March 15, 1994, the property was sold at auction and the referee's report of sale was filed in this Court on April 5, 1994. The proceeds from the sale were insufficient to cover the entire debt thus leaving a deficiency. By the terms of the order appointing the receiver, the receivership automatically terminated upon those events.

## DISCUSSION

### I. Injunctive Motions Determined to be Moot

Certain motions made by the Receiver are moot because they necessitated action by this Court prior to the occurrence of certain events. The motion to expedite DHCR's decision in this matter is moot as such decision has already come down. Similarly, the motion to stay any decision by DHCR until resolution of these motions is moot as such decision has already been reached. The Receiver's motion to stay the enforcement of a DHCR judgment until the Receiver is discharged or the building is sold is also moot because the building has been sold resulting in the discharge of the Receiver. However, the remaining motions remain to be acted upon because the tenant could still attempt to hold the receiver personally liable for the DHCR's decision unless this Court determines otherwise.

### II. Receiver Not Personally Liable

It is an extreme measure for a court to appoint a receiver and it is done only when necessary to protect the plaintiff's interests in the property. *Federal Home Loan Mortgage v. Spark Tarrytown*, 813 F.Supp. 234, 235 (S.D.N.Y.1993) (citing *Citibank, N.A. v. Nyland (CF8), LTD*, 839 F.2d 93, 97 (2d Cir.1988) (quoting *Chambers v. Blickle Ford Sales*, 313 F.2d 252, 260 (2d Cir.1963))). In such situations, the receiver is not an agent of the plaintiff but is considered an arm of the court. *Jamaica Savings Bank v. Florizal Realty Corp.*, 407 N.Y.S.2d 1016, 1018, 95 Misc.2d 654 (Sup.Ct.Queens Cty. 1978). The court that appoints the receiver determines the scope of that receiver's authority and "[g]enerally, a receiver may not sue or be sued without the express permis-

sion of the court that appointed him." *Federal Home Loan Mortgage v. Spark Tarrytown, Inc.*, 829 F.Supp. 82, 88 (S.D.N.Y. 1993). Indeed, receivers are typically not considered personally liable and any actions must be against the "receivership" or the "funds" in the receiver's possession. *See McNulta v. Lochridge*, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796 (1891); *Federal Deposit Ins. Corp. v. Bernstein*, 786 F.Supp. 170, 181 (E.D.N.Y.1992). Only in the rare instance where a receiver has acted outside the scope of his or her authority may the receiver be sued in his or her individual capacity. *Id.; McNulta*, 141 U.S. at 332, 12 S.Ct. at 13; *First New York Bank for Business v. 155 E. 34 Realty Co.*, 601 N.Y.S.2d 990, 158 Misc.2d 658 (Sup.Ct.N.Y.Cty.1993).

Here, there have been no allegations that the Receiver acted improperly in his capacity as receiver.[1] The tenant has won a judgment on the basis that the original rent was an overcharge and that all subsequent rents were similarly overcharges but the Receiver only had the most current records (the rent roll from the building superintendent) from which to administer the receivership. The Defendant failed to turn over the records concerning the property. Every effort was made to obtain these records but the Defendant has fled the country and has ignored all requests for the records. On these facts, it would seem to be quite unjust to penalize a receiver and his agents who merely came in to protect the Plaintiff's interests in the property and maintain the status quo prior to the sale of the building. Therefore, we find that the Receiver and his agents are not personally liable and the tenant must proceed against the proceeds of the sale and/or Defendant Tsinos or take an offset against future rents.

## CONCLUSION

For the reasons stated above, the Receiver's motion to be insulated from personal liability is GRANTED; the motion to limit the tenant's judgment to that of an offset against future rents or a proceeding against Tsinos or the sale proceeds is GRANTED;

all other motions are hereby determined to be MOOT.

SO ORDERED.

---

1. Indeed, there has been no opposition to the Receiver's motion to limit his liability. Opposition papers only addressed the requests for injunctive relief which have been deemed moot.