In re WASHINGTON TRUST DEED SER-VICE CORPORATION, dba Lincoln Mortgage & Loan, Debtor.

David NAERT, Appellant,

v.

Charles W. DAFF, Chapter 7 Trustee, Appellee.

BAP No. CC–97–1873–BCH.
Bankruptcy No. SA–93–23770–JW.
Adversary No. SA–97–01981–JW.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 19, 1998.

Decided June 30, 1998.

Amended Opinion Decided Aug. 4, 1998.

Kurt A. Ressler, Grant & Laubscher, L.L.P., Irvine, CA, for David Naert.

Michael K. Maher, Maher, Lee & Goddard, Irvine, CA, for Charles W. Daff, Trustee.

Before: BRANDT, HAGAN, and CARLSON [1], Bankruptcy Judges.

## AMENDED OPINION

BRANDT, Bankruptcy Judge.

### OVERVIEW

The defendant in a fraudulent conveyance action entered into a settlement with the trustee. Before court approval of the settlement, the trustee determined that the settlement was not in the best interests of the estate and withdrew his support. The bankruptcy court granted the trustee's motion to dismiss the removed state court fraud action for failure to state a claim. The defendant appeals; we AFFIRM.

### FACTUAL BACKGROUND

In November of 1993, David Naert, a Missouri investor experienced in speculative investments, paid Washington Trust Deed Service Corporation ("Washington Trust") $15,000 for its interest in three partnerships having a total face value of $220,000.

One month later, Washington Trust filed for relief under Chapter 7 of the Bankruptcy Code [2]. Charles Daff was appointed trustee. Washington Trust's president, Kenneth Sarvak, also filed a petition for relief under Chapter 7, and Wenata Kosmala was appointed trustee in his case.

---

1. Hon. Thomas E. Carlson, Bankruptcy Judge for the Northern District of California, sitting by designation.

2. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

Although Washington Trust did not schedule the transfers to Naert, Daff learned of the transfers from T. Edward Malpass, the lawyer for the Sarvak bankruptcy creditors' committee, and filed an adversary proceeding to avoid them.

In February 1996, Daff sought court approval for a sale of the adversary proceeding to Kosmala for $15,000. At the hearing to approve the sale, Naert offered $20,000 to purchase and settle the lawsuit. The bankruptcy court entered an order authorizing Daff to sell the estate's interest in "all present, future, and potential claims that the Estate may have against Mr. Naert" to Naert for $20,000. The order also provided that Naert pay Daff "within ten (10) days after the entry of an order approving a separate Compromise of Controversy."

In July 1996, Naert and Daff entered into a settlement agreement in which Naert agreed to pay Daff $20,000 to settle the estate's claims against Naert; in addition, Naert would hold Daff and Kosmala harmless. The agreement further provided that "[t]his Settlement is made expressly contingent upon approval of the settlement by the Bankruptcy Court." In March 1997, Daff filed a motion to approve the compromise in which he argued that the compromise was reasonable.

After the parties signed the settlement agreement, but prior to court approval, Naert allegedly released claims against Kosmala and her attorney, and decided not to pursue claims against Malpass and the Sarvak creditors' committee. Shortly thereafter, Daff concluded that the settlement would not be in the best interests of the estate and, consequently, had the compromise motion taken off calendar.

In July 1997, Naert, represented by new counsel, filed a motion to compel the trustee to calendar the compromise motion, which Daff opposed. The court denied the motion, stating that "it was a foregone conclusion" that it would not have approved the sale. Therefore, the court declined to order "the trustee to file a motion to approve a compromise which the trustee now will not recommend and which, in the face of that, I will not

approve." Naert did not appeal the denial of the motion to compel.

Naert then filed a suit in state court alleging that Daff had fraudulently misrepresented his intention to support the settlement agreement. According to the complaint, Daff intended to deceive and defraud Naert, and to induce him to act in reliance on the misrepresentations. Further, Naert averred he had relied on the misrepresentations by releasing the third-party claims and by failing to pursue other claims. Thus, Naert asserted, Daff's failure to support the settlement injured Naert. Daff had the state court suit removed to bankruptcy court.

Rather than answer, Daff filed a motion to dismiss for failure to state a claim under Rule 7012(b)(6), asserting quasi-judicial immunity. In the alternative, he argued that the court's denial of the motion to compel conclusively determined that the settlement agreement should not have been approved, and that Naert was barred from relitigating that issue. Naert responded that quasi-judicial immunity did not extend to fraudulent acts, and filed a motion to remand to state court. Daff opposed, claiming that actions against a trustee were within the bankruptcy court's core jurisdiction.

Following a hearing on both motions, the court granted Daff's motion to dismiss the fraud complaint for two reasons. First, the court held that Daff had quasi-judicial immunity, citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir.1996), *cert. denied*, ⸺ U.S. ⸺, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997), and *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385 (9th Cir.1987). Second, the court found Naert could not have "reasonably relied on Daff's promise to present and recommend a certain settlement to the court because the court would have rejected the settlement had it been so presented and recommended." The court also dismissed Naert's motion to remand as moot.

Naert filed this timely appeal of the dismissal.

## ISSUES

Whether the trial court erred when it ruled that Daff had quasi-judicial immunity from suit.

■ Whether the trial court erred when it dismissed Naert's complaint.[3]

## STANDARD OF REVIEW

Dismissal based on judicial immunity is reviewed de novo. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997).

The panel "review[s] a bankruptcy court's dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) de novo." *In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir.1997). Dismissal under FRCP 12(b)(6) is proper only under extraordinary circumstances. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

"Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff." *Rogstad*, 126 F.3d at 1228 (citations omitted). "Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and internal quotation omitted). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

The panel can affirm on any basis supported by the record. *In re Prize Frize, Inc.*, 150 B.R. 456, 461 n. 11 (9th Cir. BAP 1993), *aff'd*, 32 F.3d 426 (9th Cir.1994); *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996).

## DISCUSSION

A. *Jurisdiction.*

Although Naert questioned the bankruptcy court's jurisdiction in his initial motion to remand, on appeal he does not question subject matter jurisdiction. In any event, the court below had jurisdiction via 28 U.S.C. § 157(b)(2)(A).

B. *Quasi-judicial immunity.*

■ On appeal, Naert argues that the trial court incorrectly determined that Daff was, as Chapter 7 trustee, protected by quasi-judicial immunity. In *Moore*, cited by the trial court, the Ninth Circuit held that the bankruptcy judge "enjoy[ed] absolute judicial immunity from [the plaintiff's] action." *Moore*, 96 F.3d at 1243. This immunity is broad: it applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1244 (internal quotations omitted). In fact, "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* (internal quotations omitted).

Although *Moore* did not discuss the liability of bankruptcy trustees, in *Mullis*, also cited by the trial court, the Ninth Circuit stated that the trustee "has absolute quasi-judicial immunity from damages." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir.1987). According to the *Mullis* court, the "trustee or receiver derives his immunity from the judge who appointed him" and therefore "loses his immunity if he acts in the clear absence of all jurisdiction." *Id.* The Ninth Circuit Court of Appeals has "consistently held that liability will not be imposed [on trustees] for mistakes in business judgment" and has therefore "held trustees immune from collateral attack for acts of mismanagement when the trustee was acting within his court authorization." *Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir.1989).

Although the *Mullis* court discussed the trustee's immunity in terms of "absolute quasi-judicial immunity," other cases have limited that immunity. For instance, in *In re Cochise College Park, Inc.*, 703 F.2d 1339

---

3. The court did not specify here whether the dismissal was with or without leave to amend. Although we recognize the "strong policy permitting amendment," *Thomas–Lazear v. Federal Bureau of Invest.*, 851 F.2d 1202, 1206 (9th Cir. 1988), dismissal without leave to amend is proper where "it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991). We construe the order here as without leave because the trial court stated that it would not have approved the compromise and it dismissed the motion to remand as moot. Because Naert has neither asserted a right to amend nor briefed the issue, we do not address it.

(9th Cir.1983), which Naert cited to the trial court, the Ninth Circuit found that the trustee may be personally liable for misrepresentations. In *Cochise*, the Ninth Circuit stated that the trustee's immunity only extends to "a communication ... uttered 'in good faith and with reasonable grounds for belief in its truth.'" *Id.* at 1359 (quoting Bankruptcy Act § 21i, former 11 U.S.C. § 44(i) (1976)). The court concluded that "[w]here these conditions do not obtain ... the trustee is liable to the same extent as any other person for damages arising from misrepresentations actionable under the law of the state in which he acts." The Ninth Circuit did not overrule these qualifications with the use of "absolute quasi-judicial immunity" language in *Moore:* see *Bennett,* 892 F.2d at 824, citing *Cochise* with apparent approval.

This panel has similarly described the trustee's limited immunity:

> As an officer of the court, the trustee is entitled to a form of derivative judicial immunity from liability for actions carried out within the scope of the trustee's official duties. A trustee is entitled to such immunity only if the trustee is acting within the scope of authority conferred upon the trustee by the appropriate statute(s) or the court. While a trustee is allowed to make reasonable mistakes where discretion is allowed, a trustee may be sued for intentional or negligent actions which amount to violations of the duties imposed upon the trustee by law.

*In re Kashani,* 190 B.R. 875, 883 (9th Cir. BAP 1995) (citations omitted).

Both Daff and the trial court apparently viewed Naert's claim as attacking the trustee's exercise of his discretion. Much of Daff's brief argues that his decision not to support the settlement was within his business judgment. This misses Naert's point: Naert asserts that Daff fraudulently misled him about his intention to support the settlement. Consequently, if Naert's allegations are true, Daff could be personally liable, and, under *Cochise* and *Kashani,* not shielded by quasi-judicial immunity. Thus, the trial court erred when it determined that he was, and predicated dismissal on that basis.

### C. Court approval.

As an alternate ground for dismissal, the trial court stated that even if Daff misled Naert, he could not have reasonably relied on those misrepresentations because the settlement would have to be approved by the court. Although we view the question from a different angle, we agree that the requirement of court approval eviscerates Naert's cause of action.

In California, "[t]he elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court of Los Angeles County,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984–85 (Cal.1996) (citations omitted). "'Promissory fraud' is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." *Id.,* 909 P.2d at 985.

However, to recover for fraud, as for any other tort, the plaintiff must plead and prove the "detriment proximately caused" by the defendant's tortious conduct. *Service by Medallion, Inc. v. Clorox Co.,* 44 Cal.App.4th 1807, 1818, 52 Cal.Rptr.2d 650 (1996). "Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown." 5 Witkin, *Cal. Procedure,* Pleading, § 680 at 131 (3d ed.1985)(quoted in *Medallion,* 44 Cal. App.4th at 1818, 52 Cal.Rptr.2d 650).

"Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages. And the damages suffered must be referable to, and caused by, the fraud." *Conrad v. Bank of Am.,* 45 Cal.App.4th 133, 159, 53 Cal.Rptr.2d 336, 353 (1996) (citations omitted). "In fraud, the pleading must show a cause and effect relationship between the fraud and damages

sought; otherwise no cause of action is stated." *Zumbrun v. University of S. Cal.,* 25 Cal.App.3d 1, 12, 101 Cal.Rptr. 499, 505 (1972). Ultimately, it is lack of court approval, rather than the absence of Daff's support, which caused Naert's damages. Having not alleged that, but for the trustee's change of position, the bankruptcy court would have approved the settlement, his complaint does not state a cause of action under California law.

 Further, California courts have stated that when "two parties execute a contract with the understanding that the approval of a third party is necessary for the agreement to take effect, the contract is not complete until the third party has approved. Until that happens neither party is bound by the agreement." *Santa Clara–San Benito Chapter of Nat'l Elec. Contractors' Ass'n v. Local Union No. 332,* 40 Cal.App.3d 431, 436, 114 Cal.Rptr. 909, 912 (1974). Likewise, an action for fraud will not lie in California where the misrepresentation is of the future conduct of public officials. *Borba v. Thomas,* 70 Cal.App.3d 144, 155, 138 Cal.Rptr. 565, 572 (1977). In *Borba,* the alleged misrepresentation was that there would be no problem getting the Bureau of Reclamation to approve the sale price of a ranch, where such approval was necessary to obtain water for irrigation, and irrigation was essential to the value of the property sold. Here, Naert does not claim Daff represented that the bankruptcy court would approve the settlement; rather, he makes the lesser claim that Daff misrepresented his own intention to support the settlement.

We see no reason to suspect the California courts would reach a result differing from *Borba* where the approval required is that of a court, rather than an agency, and where the claimed misrepresentation is not that a court will act in a way, but that the defendant would urge it to do so. Accordingly, dismissal for failure to state a claim was proper.

### CONCLUSION

Naert alleges only that Daff failed to fulfill his implied contractual promise to support the settlement. Such a misrepresentation, if true, did not proximately cause his loss because court approval was explicitly required. The bankruptcy court's dismissal is AFFIRMED.