**In re CLEARWATER BAY MARINE SERVICE, INC., Debtor.**

**Royal Insurance Company, a/s/o Benito Santiago, Plaintiff,**

**v.**

**P.S.I. Agency, Inc., Martin Harm and Bethann Scharrer, Defendants.**

**Bankruptcy No. 97–1941–8P7.
Adversary No. 98–288.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 23, 1999.

Bruce P. Anderson, Tallahassee, Florida, for plaintiff.

Roberta A. Colton, Tampa, Florida, for Bethann Scharrer.

David LoNigro, Clearwater, Florida, for P.S.I. Agency, Inc. & Martin Harm.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by Bethann Scharrer (Trustee), one of the Defendants named in the above captioned adversary proceeding. The Amended Complaint, which sets forth the claims in three separate counts, was filed by Royal Insurance Company (Royal) a/s/o Benito Santiago.

The Motion under consideration is addressed to the claims set forth in Counts I and II and is based on the Trustee's contention that there are no genuine issues of material fact and the issues involved can be resolved in her favor as a matter of law.

In the original Complaint filed by Royal in the Circuit Court for Pinellas County, Florida, Royal named as Defendants, P.S.I. Agency, Inc. (P.S.I.) and Bethann Scharrer, P.A. (Trustee). In due course, the Trustee removed the suit pursuant to 28 U.S.C. § 1441 *et seq.* to this Court. The Complaint was amended by Royal.

The Amended Complaint sets forth three claims in three separate counts. The claim in Count I is based on alleged negligence although the Count itself does not specify against which of the Defendants Royal seeks money damages. It appears that it is against all the Defendants. The claim in Count II is based on alleged vicarious liability of the Trustee and seeks money damages against the Trustee. The claim in Count III is based on a claim of negligent entrustment and again seeks money damages from the Trustee. The claims are asserted by Royal as subrogee to the claim of Benito Santiago (Santiago). Plaintiff seeks to recover the sum of $24,749.46 with costs and prejudgment interest from May 24, 1997. In due course, the Defendants filed their respective answers. The answer of the Trustee also includes certain affirmative defenses.

The immediate matter under consideration is a Motion for Summary Judgment filed by the Trustee. Her initial motion was addressed only to the claims set forth in Count I and Count II of the Complaint. On May 27, 1999, the Trustee filed her Second Motion for Summary Judgment which is addressed to the claim set forth in Count III of the Complaint.

The facts as established by the record which are relevant to the issues under consideration are indeed without dispute and largely based on agreed upon statements of facts filed by the parties and can be summarized as follows:

Clearwater Bay Marine Services, Inc. (Debtor) originally filed Petition for Relief under Chapter 11. When the Debtor was unable to achieve confirmation of a plan of reorganization the case was converted to a Chapter 7 liquidation case. Immediately upon conversion, the Office of the U.S. Trustee appointed Ms. Scharrer as Trustee and she was placed in charge of the administration of the estate of the Debtor. The Trustee at once contacted Martin Harm (Harm) the president of P.S.I. Agency Inc. and employed Harm to assist her in securing the assets of the estate which were at the premises occupied by the Debtor. Harm is a licensed private investigator and the Trustee was familiar with his work in previous liquidation cases. The application to employ Harm was approved by this Court in June 9, 1999, *nunc pro tunc* to May 22, 1999. The Debtor, while acting as Debtor in Possession during the pendency of the Chapter 11 case, operated its business and continued to perform repair services on vessels owned by others, among which was the vessel owned by Santiago. Charles Jindracek (Jindracek) worked on a vessel owned by Santiago. At no time was Jindracek employed by the Trustee, Harm or by P.S.I. Some time thereafter, Robert Klenner (Klenner) appeared on the premises and requested the release of Santiago's vessel. Klenner identified himself as a representative of Santiago and paid for the work the

Debtor performed on the vessel up to that time. Klenner employed Jindracek for the purpose of completing the repairs of the Santiago vessel. Jindracek removed the engines of the vessel and brought the engines to his new place of employment at Progressive Marine. Klenner also instructed Jindracek to prepare the vessel for towing by a firm identified as 'Sea Rescue' to the premises of Progressive Marine where the balance of the repair work was to be completed by Jindracek. In preparing for the towing of the Santiago vessel, Jindracek did not replace the engines.

On May 22, Kevin Chase (Chase), a former employee of the Debtor and a lift operator with seven years experience, was employed by Harm to assist in the launching of the vessel. Harm directed Chase to lower the Santiago vessel into the water after it was allegedly prepared for towing by Jindracek. Klenner had in fact paid Jindracek for this service. Unfortunately, after the vessel was placed in the water, neither Sea Rescue nor Klenner claimed it. The vessel was left in the water overnight and took on water.

■ Before considering whether, based on these facts, Royal established a viable claim based on the alleged negligence of the Trustee, it is necessary to consider at the outset whether the doctrine of derived judicial immunity precludes the assertion of any claim which seeks to impose personal liability against the Trustee. This issue has been considered by courts in the past and the courts have accepted the proposition that trustees enjoy derived judicial immunity provided that they are acting within the scope and on the authority and pursuant to order of a court. *See In re Rollins*, 175 B.R. 69, 77 (Bankr.E.D.Cal. 1994); *see generally, Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir.1986) (bankruptcy trustee receives "derived judicial immunity" because he performs "integral part of the judicial process"); *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir.1989) (bankruptcy trustee is

"entitled to broad immunity from suit when acting within the scope of [his] authority and pursuant to court order"). In *McNulta v. Lochridge*, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796 (1891), the Supreme Court observed that a receiver (or trustee) is only officially liable when acting within the scope of official capacity. *Id.* at 331, 12 S.Ct. at 13. The principle announced by these authorities leaves no doubt that a trustee may only be held personally liable for acts personally committed outside the scope of judicial immunity.

 In the instant case, the record is totally devoid of any evidence which would warrant the conclusion that the Trustee personally committed any act which was outside the scope of her authority and her act of employing Harm as securing agent was appropriate and approved by this Court. When the case was converted, the premises of the Debtor was in a state of chaos and it was essential to ensure that no property located on the premises, whether owned by the Debtor or others, was disturbed. Clearly, it was the Trustee's duty to ensure that the premises were secure. The Trustee did not employ Jindracek, who was supposedly capable of preparing vessels for towing and who removed the engine from the Santiago vessel. She did not employ Chase and clearly she was in no way personally involved in the handling of this vessel. While it is true that claims asserted by plaintiffs should not be summarily disposed of by motions for summary judgment, these may be granted if the evidence presented by the non-moving party is only colorable and is not completely dispositive. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, based on derived judicial immunity, this Court is satisfied that Royal cannot assert a viable claim based on direct negligence by the Trustee. Even assuming, without conceding, that the doctrine would not shield her from the claim, this record does not come close to establishing a viable claim based on negligence. The Trustee owed no duty to Royal or to its assured, Santiago. The vessel was never property of the estate. The vessel was de facto placed under the care and control of Klenner, a representative of Santiago, after Klenner produced the documentation authorizing him to claim the vessel and after he paid for repairs completed by the Debtor. The Trustee was not involved in placing the vessel into the water. The Trustee was not even present on the premises at the time the vessel was lowered and placed into the water. Based on the foregoing it is clear that this record does not warrant the conclusion that the Trustee should be deprived of the affirmative defense of derived judicial immunity.

 The Count II claim of Royal is based on the doctrine of *respondeat superior.* According to Royal, Harm and P.S.I. were negligent in their handling of the Santiago vessel and therefore the Trustee should be held vicariously liable for their conduct. The doctrine relied on by Royal applies when a principal, who retained supervision and control of an agent, is liable for the wrongful or negligent act committed by an agent within the scope of agency. It is evident, however, that before the principal can be held liable the court must find first that the agents were negligent. In the present instance, there is no evidence in the record that either Harm or P.S.I. were negligent in any respect which resulted in damage to the vessel. On the contrary, the decision to lower the vessel in the water was made by Klenner, the representative of Santiago. The fact that Harm followed Klenner's instruction and directed the lift operator to lower the vessel into the water was without significance. When Klenner presented himself on the premises and paid for the vessel's repairs, the vessel was placed under his control and anything that occurred thereafter was Klenner's responsibility and had nothing to do with any conduct of Harm or P.S.I. It was Klenner who instructed Jindracek to prepare the vessel for towing. It was Jindracek who removed the engine and it

was Jindracek who acted as an agent of Klenner and not as an agent of Harm or P.S.I. Based on the foregoing, this Court is satisfied that this record does not warrant the conclusion that the Trustee could be held personally liable under the doctrine of *respondeat superior.* Having concluded that there are no genuine issues of material fact this Court is satisfied that the Trustee's Motion for Summary Judgment should be granted. A separate Final Judgment will be entered in accordance with the foregoing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Defendant, Bethann Scharrer's Motion for Summary Judgment be, and the same is hereby granted.