**In re SOLAR FINANCIAL SERVICES, INC., et al., Debtor.**

**John P. Barbee, as Trustee of the bankruptcy estate of Solar Financial Services, Inc., et al., Petitioner,**

**v.**

**Price Waterhouse, LLP, Respondent.**

**Bankruptcy No. 95–11242–BKC–AJC. Adversary No. 00–1213–BKC–AJCA.**

United States Bankruptcy Court, S.D. Florida.

Nov. 28, 2000.

*Attorney's Fees and Costs Aga\\_ ee, John P. Barbee, in his Indi\\ \_\_\_\_\_ pacity.* The Court considered argument of counsel and requested all interested parties to submit proposed Orders or Memoranda to the Court on the issues presented. Upon review of the case law and the submissions of the parties, the Court enters the following opinion.

## BACKGROUND

On March 17, 1995, Solar Financial Services, Inc. filed a Voluntary petition under Chapter 11 of the Bankruptcy Code. On March 30, 1995, the Court entered an Order (C.P. #27) directing the appointment of a Chapter 11 Trustee and on March 31, 1995, John P. Barbee ("Barbee") was appointed as the Chapter 11 Trustee (C.P. #31).

On December 1, 1995, these cases were converted to Chapter 7 and Barbee was appointed as the Chapter 7 Trustee of the Bankruptcy Estate of Solar Financial Services, Inc. et al.

In March 1997, Barbee, as Trustee filed a lawsuit in the 17th Judicial Circuit in and for Broward County, Florida, against Price Waterhouse LLP ("Price Waterhouse") for alleged malpractice, styled *John P. Barbee, as Trustee of the Bankruptcy of Solar Financial Services, Inc. v. Price Waterhouse, LLP*, Case No. 97–4027 (08) (the "State Court Action").

On June 9, 1997, Barbee, as Trustee, filed a Notice of Abandonment (C.P. #327) in the bankruptcy case wherein he sought to abandon a few hundred boxes which were being held in storage and which the Trustee felt were duplicative of other files in storage. The Notice of Abandonment was served upon all interested parties to the bankruptcy case, but Price Waterhouse, having never made an appearance in the bankruptcy case, did not receive the notice. No objections to the Notice of Abandonment were filed and, consequently, the records were destroyed.

John A. Moffa, Moffa & Moffa PA, Plantation, FL, for petitioner.

Anne Cirasuolo, Gilbride Heller & Brown PA, Miami, FL, for respondent.

### ORDER REMOVING AND DENYING MOTION TO ASSESS ATTORNEY'S FEES AND COSTS AGAINST JOHN P. BARBEE, IN HIS INDIVIDUAL CAPACITY

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court for hearing on July 5, 2000 upon the *Notice of Removal* filed by John P. Barbee, individually, as to the *Motion to Assess*

During the course of the State Action, Price Waterhouse learned of the abandonment of the records. Price Waterhouse successfully argued to the State Court Judge that it was entitled to review the records and because it was never notified of the abandonment of the records, was entitled to sanctions. The State Court Judge ruled that the Plaintiff, Barbee, Trustee, did not respond properly to discovery propounded by Price Waterhouse and found in favor of Price Waterhouse based upon bad faith. The State Court Judge also ruled that Defendant Price Waterhouse was entitled to seek its fees and expenses from the Plaintiff.

Thereafter, at the request of the United States Trustee, John Barbee resigned as Trustee in these cases and Lauren Green was appointed as the successor Chapter 7 Trustee (C.P.# 403).

Price Waterhouse subsequently filed a motion in the State Court Action seeking an award of its fees and expenses against the Plaintiff. Thereafter, on May 24, 2000, Price Waterhouse filed a second motion seeking fees and costs. The second motion, the *Motion to Assess Attorney's Fees and Costs Against Trustee John Barbee In His Individual Capacity*, sought fees and costs directly from Barbee individually. John P. Barbee, individually, filed the Notice of Removal under consideration.

At the hearing on the application for removal, the court requested the parties brief the following issues:

1. May a trustee be sued in his individual capacity?

2. Under the "Barton Doctrine," must a defendant to litigation instituted by the trustee obtain prior leave of court before filing a motion for attorney's fees against the trustee in his individual capacity? and

3. What forum should make that determination, the bankruptcy court or the state court?

## DISCUSSION

 As a general rule, bankruptcy trustees are entitled to qualified judicial immunity for acts taken within their authority as an officer of the court. *Royal Ins. Co. v. P.S.I. Agency, Inc. (In re Clearwater Bay Marine Service)*, 236 B.R. 285 (Bankr.M.D.Fla.1999) (bankruptcy trustees enjoy derived judicial immunity when acting within the scope of their authority or pursuant to an order of the court). As a corollary to this general rule, however, virtually all courts agree that a bankruptcy trustee may be sued in his individual capacity for acts which exceed the scope of his authority, or are ultra vires. *Grant v. Florida Power Corporation (In re American Fabricators, Inc.)*, 186 B.R. 526 (Bankr.M.D.Fla.1995) (trustee loses his immunity if he acts in the "clear absence of all jurisdiction."); *Schechter v. State of Illinois, Dept. of Revenue (In re Markos Gurnee Partnership)*, 182 B.R. 211 (Bankr. N.D.Ill.1995) (personal immunity of trustees extends only to matters within the scope of their duties).

Courts differ merely in their estimation of what type of wrongdoing may subject a trustee to personal liability. In a leading case, *Sherr v. Winkler*, 552 F.2d 1367 (10th Cir.1977), the court held that a trustee who commits willful, deliberate acts of misconduct may be personally liable to third parties. *Sherr*, 552 F.2d 1367, citing *McNulta v. Lochridge*, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796 (1891). The Fourth, Sixth and Seventh Circuits have either followed *Sherr* or cited it favorably. *See e.g., Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750 (4th Cir.1993); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982); *In re Chicago Pacific Corp.*, 773 F.2d 909 (7th Cir.1985). The Second and Ninth Circuits have held that a trustee may be held personally liable not only for intentional misconduct, but also for negligence. *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339 (9th Cir.1983); *In re Gorski*, 766 F.2d 723

(2d Cir.1985).[1] However, it appears from the cases that the alleged negligence must rise to the level of gross negligence to be actionable. *See Cochise Park*, 703 F.2d at 1339 (sufficient allegations of fraud and misrepresentation by the trustee, and misappropriation of fund by the trustee, required new trial).

 In this case, the actions of Barbee do not rise to the level of willful and deliberate conduct or gross negligence. Barbee's actions were sloppy, positively; stupid, definitely; negligent, perhaps; but grossly negligent, not quite. After deeming the records burdensome to the estate and determining their value to be inconsequential. Barbee filed the requisite notice of abandonment. Although the State Court Judge found Barbee acted in bad faith by failing to give notice of the abandonment to Price Waterhouse, such a finding does not lead to the conclusion that Barbee's conduct amounted to gross negligence, particularly in light of the fact that Price Waterhouse never made an appearance in the bankruptcy case or requested service of pleadings in the bankruptcy case. A trustee is not liable in any manner for mistakes in judgment where discretion is allowed. *Cochise Park*, 703 F.2d at 1357 citing *Mosser v. Darrow*, 341 U.S. 267, 273–74, 71 S.Ct. 680, 683–84, 95 L.Ed. 927 (1951). Barbee, in his capacity as Trustee, is granted certain discretion in the administration of a bankruptcy estate. He took precautions to serve the requisite notice of abandonment on all interested parties to the bankruptcy proceeding and awaited the objection period. His failure to serve Price Waterhouse, who has never appeared in the bankruptcy case, was certainly an oversight, but not an abuse of his discretion.

 Price Waterhouse has further failed to establish that Barbee willfully and deliberately attempted to harm Price Waterhouse by destroying the boxes of documents. In order to hold Barbee personally liable for his conduct, Price Waterhouse would need to demonstrate he deliberately caused harm to it. *E.g. Sherr*, 552 F.2d 1367; *College Park*, 703 F.2d 1339. Barbee destroyed the documents only after determining they were duplicative and of inconsequential value. Because there are no allegations suggesting Barbee deliberately destroyed the documents to harm Price Waterhouse, personal liability is unwarranted.

 Even if Price Waterhouse could establish a *prima facie* case against Barbee, demonstrating he did act beyond his powers as Trustee, leave must be granted by the Bankruptcy Court to proceed with any action against Barbee. *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir.2000) (debtor was required to obtain leave of the bankruptcy court to institute action against the trustee for acts done in the actor's official capacity). As the Eleventh Circuit noted in *Carter*, " '[a]n unbroken line of cases ... has imposed [this] requirement as a matter of federal common law.' " *Carter*, 220 F.3d at 1252 citing *In re Linton*, 136 F.3d 544, 545 (7th Cir.1998). In so holding, the Eleventh Circuit recognized that these courts have applied the rule referred to as the "Barton Doctrine," derived from the Supreme Court's decision in *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881). *Carter*, 220 F.3d at 1252. In *Barton*, the Supreme Court stated that "[i]t is a general rule that before suit is brought against a receiver[,] leave of court by which he was appointed must be obtained." 104 U.S. at 127. Through the years, the courts have extended the Barton Doctrine to actions against a bankruptcy trustee. The Eleventh Circuit agreed with the reasoning behind the expanded application of the Barton Doctrine as succinctly stated by the Seventh Circuit in *Linton*: "The trustee in bankruptcy is a statutory suc-

1. Research has uncovered no case in which the Eleventh Circuit has expressly ruled on the issue.

cessor to the equity receiver, and ... [j]ust like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." *Carter,* 220 F.3d at 1252–53 citing *Linton,* 136 F.3d at 545.

The Eleventh Circuit noted the policy behind the leave of court requirement, again citing from the Seventh Circuit's opinion in *Linton:*

> If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.... Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive.... Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively.

*Id.*[2]

■■■■ A bankruptcy trustee has absolute quasi-judicial immunity from damages and derives his immunity from the judge who appointed him. *Naert v. Daff (In re Washington Trust Deed Service, Corp.)* 224 B.R. 109 (9th Cir. BAP 1998) citing *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385 (9th Cir.1987). For the purpose of litigation, a bankruptcy estate can sue or be sued, but only in the name of the trustee. 11 U.S.C. § 323. Such action involves the trustee's "official capacity" so that the estate, not the trustee personally, is liable. *Markos Gurnee,* 182 B.R. at 211. The Trustee is entitled to derived judicial immunity because he is performing an integral part of the judicial process. *Id.*

■■■■ Courts have devised a "safe harbor" for the protection of bankruptcy trustees as to personal liability. "A bankruptcy trustee is personally liable for breach of a duty to the estate or to creditors of the estate, but may protect against such liability by obtaining a court order authorizing contemplated action." *Markos Gurnee,* 182 B.R. at 218. Trustees "are completely immune from suit where the trustee acts pursuant to the explicit instructions of the bankruptcy court." *Lopez–Stubbe v. Rodriguez–Estrada (In re San Juan Hotel Corp.),* 847 F.2d 931, 942 (1st Cir.1988). As the Court found herein, Barbee, as Trustee, sought and obtained permission from the bankruptcy court for the abandonment of records complained about in the State Court Action. The Court finds that that action alone qualifies the then Trustee, Barbee, for judicial immunity.

■■■■ Price Waterhouse contends that the Barton Doctrine is inapplicable to this case. In support of its contention, Price Waterhouse states that its action is not a "suit" against the Trustee but rather a motion filed in connection with an award of sanctions against Barbee in an action Barbee instituted. Price Waterhouse asserts the Barton Doctrine applies only to cases where the resulting judgment impairs the bankruptcy estate; hence, court authorization is necessary. Because it is seeking fees and costs directly from Barbee in his individual capacity, Price Waterhouse claims no court authorization is necessary because the estate will not be impaired by a judgment in its favor. Price Waterhouse misunderstands the rationale of the Barton Doctrine. The analysis of how the judgment will affect the proceedings is but one piece of the puzzle. The essence of the Barton Doctrine is to protect the trustee who is carrying out his duties to administer the case and to protect the integrity of the Court. Thus, although the resulting

**2.** The fact that Price Waterhouse filed a motion against Barbee, as opposed to a complaint commencing a lawsuit, is a distinction without a difference; the policy behind the leave of court requirement remains applicable.

judgment may not impair the estate, it would surely impair the functionality of the trustee in his connection with the bankruptcy court. This Court will not allow spurious litigation against trustees individually when those trustees are carrying out the duties of the administration of the estates. Such litigation has the potential of impairing the trustees' ability to act in other cases and carry out their official duties as trustees because they will have to deal with outside litigation that will diminish their time to handle their trustee duties.

### CONCLUSION

Barbee's conduct in this case does not subject him to personal liability. Barbee acted as an officer of this Court and deserves qualified immunity. His actions were in no way willful, deliberate or grossly negligent nor at anytime did he act beyond the scope of his duties as Trustee.

Granting leave for an action to proceed against Barbee personally will impede his ability to act as a Trustee and will impair the functionality of the Bankruptcy Court as a whole.

The order entered by the State Court Judge reserves jurisdiction to award attorney's fees and costs against Barbee as Trustee. Price Waterhouse is encouraged to seek compensation under that order, as an award against Barbee personally is unobtainable.

It is hereupon

**ORDERED** as follows:

1. The Notice of Removal by John P. Barbee is GRANTED and the *Motion to Assess Attorney's Fees and Costs Against Trustee, John P. Barbee, in his Individual Capacity,* is removed to this Court for consideration and disposition; without having first obtained leave of the Bankruptcy Court to proceed with the motion, there is no subject matter jurisdiction in the State Court Action.

2. Upon consideration of the facts and law, the *Motion to Assess Attorney's Fees and Costs Against Trustee, John P. Barbee, in his Individual Capacity* is DENIED, and each party shall bear its own fees and costs incurred relative to the *Motion to Assess Attorney's Fees and Costs Against Trustee, John P. Barbee, in his Individual Capacity* and the *Notice of Removal* filed by John P. Barbee, individually.